## Turner *vs* Gatewood.

ERROR TO THE CALDWELL CIRCUIT.

*Bankruptcy.   Injunctions.   Trespasses.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

TRESPASS.

*Case* 152.

*September* 29.

IT is the opinion of this Court, that it being the express object and effect of the late bankrupt law of the United States, that all debts existing against the bankrupt when the decree of bankruptcy passes, and his property is vested in the assignee, and which are provable in that proceeding, shall be discharged by the final certificate of discharge, if obtained, it is against the policy of that law that any creditor shall proceed to make his pre-existing demand out of property of the bankrupt acquired after the assignment in bankruptcy, and before the final certificate of discharge is granted.   If a debtor coerces his debt by a sale of such property while the proceedings in bankruptcy are in progress, he will have made it out of property, which by the effect of the final certificate when obtained, was exempt from liability to his debt, and he will have thus satisfied a debt, which by the effect of the law and the final certificate, is discharged by the assignment and appropriation of the debtor's former property.   To secure the object of the law, the final discharge must relate back to the date of the decree of assignment, and must, so far as the person and future property of the bankrupt is concerned, furnish from that period a valid protection against the pre-existing debt.

*The object and effect of the bankrupt law of the U. States, is to operate as a discharge of the bankrupt from all debts proved and provable in the case, upon the bankrupt obtaining a certificate of his discharge.*

The pendency of the proceeding in bankruptcy is not however, a bar to the obtaining of a judgment and execution against the bankrupt, because his discharge and the exemption of his property are uncertain, and may never be consummated by final certificate.   But as the creditor will be conclusively bound by the certificate, which when granted, discharges his debt, except so far as it may be satisfied by the assignee, and exempts all

*The pendency of a proceeding in bankruptcy is no bar to the obtaining of a judgment and execution, but the State Courts may enjoin the proceedings against property acquired after the decree in bankruptcy.*

property of the debtor acquired after the assignment, from coercive appropriation to its satisfaction, the certificate operates as a release from the date of the assignment, and where the debtor being decreed to be a bankrupt, is entitled to such release when according to the due course of the proceeding the case shall be matured for that result, he has a clear equity to have the creditors proceedings against his after acquired property suspended even before his discharge is consummated by final decree and certificate. And as the certificate may be relied on and is binding in any Court on which the law under which it is granted is binding, (if not by the law of comity in the tribunals of foreign states,) and its efficacy is not confined to the proceedings in bankruptcy, nor to the Courts in which those proceedings may be carried on, so we think the equity arising from the pendency of the proceeding in any case may be relied on in other Courts having power to grant the appropriate relief. But as the Courts of the United States in which the proceeding in bankruptcy may be carried on have the exclusive jurisdiction of that proceeding and of its result, any other Court can only suspend the inconsistent proceedings attempted to be carried on through their instrumentality, until the question on which the equity of that proceeding depends shall be decided by the appropriate tribunal.

There is in such a course no clashing of jurisdiction. The after acquired property of the bankrupt, is not within the operation of the proceeding in bankruptcy, and certainly not within the exclusive jurisdiction of the bankrupt Court, but is left to the protection of the general laws of the land, of which the bankrupt law is but a part. And when the creditor is using the process furnished by that law to subject property which by the result of a pending litigation in another forum may be determined not to be liable, there seems to be a peculiar propriety in appealing to the ordinary tribunals for protection. We are satisfied, therefore, that the Circuit Judges of this Commonwealth, and the Justices of the Peace appointed for the purpose within the several counties, have power to grant injunctions to prevent,

*The property acquired after a decree and final discharge of a bankrupt is within the protection of State laws from the payment of debts provable under the bankrupt law.*

after a decree in bankruptcy assigning the bankrupt's property, and in prospect of his discharge by final decree and certificate, the coercive sale of his property acquired after the assignment under an execution for a debt which was provable in the bankrupt Court.

Such injunction, if efficacious at all, must make it wrongful for the creditor, and the officer having the execution, to proceed to sell and deliver the property referred to, though he may have levied on it before the injunction was granted. And we are of opinion that such sale and delivery, with due notice of the injunction, being an abuse of the authority conferred by law through the writ of execution, must be regarded as making the officer a trespasser *ab initio*, provided he has had due notice of the injunction before he proceeds to sell.

Upon these principles, the present action of trespass is maintainable, and the plaintiff was entitled to a judgment on the verdict. For if it be true that the plaintiff could not recover unless the horse sold by the defendant was acquired after the assignment in bankruptcy, and although there was no testimony on this subject before the jury, yet as the plaintiff averred the horse to be his property, and the defendant made the same averment, and rested his justification on it, the question of property in the plaintiff was conclusively settled by these allegations, and could not have been contested on the trial of the issue, which was in fact confined to the existence and validity of the injunction and of the notice to the officer.

Wherefore, the judgment is affirmed.

*B. & A. Monroe* for plaintiff; *J. & W. L. Harlan* for defendant.

TURNER
*vs*
GATEWOOD.

An officer selling property, tho' before levied on in violation of such an injunction with knowledge thereof, is a trespasser *ab initio*.