HARRIET E. WITBECK v. WILLIAM J. CHITTENDEN AND JOHN
H. KAPLE.

*Final orders—Partnership assets.*

Any order in equity is final which gives all the relief that is prayed for in the bill.

The representative of a deceased partner in a firm of hotel-keepers who have been occupying the hotel under a lease cannot, after the expiration of the lease, restrain the survivor from separating the furniture which belonged to the partnership from the rest of the hotel property on the ground that its value depends upon its being used in : connection with the good-will of the property and that such separation would cause irreparable injury to the interest of decedent's estate in the partnership assets.

Appeal from the Superior Court of Detroit. (Chipman, J.) April 17.—April 25.

Motion to dismiss. Submitted and denied April 4.

*Duffield* for the motion.

*Kent,* against, was not called on.

PER CURIAM. The sole purpose of the bill in this case is to restrain the defendants from removing from the Russell House in Detroit the furniture in use therein pending an appeal to the Supreme Court of the suit of *William J. Chittenden against Harriet E. Witbeck* in which the control and disposition of this furniture comes in question. Injunction was issued as prayed and the defendant appealed. Complainant moves to dismiss, on the ground that the order for an injunction was not a *final* order. But the order which gives to the complainant all the relief which the bill

prays for, must always, in the legal sense, be a final order. It is the finality of the suit. Other and later orders might of course have been made in the case had there been motions to base them on, but so there may be after the final order in any case.

INJUNCTION bill. Defendants appeal. Reversed.

*Henry M. Duffield* and *C. I. Walker* for complainant. Injunction lies during the progress of a suit, to restrain the vexatious sale or disposition of the property involved: Story's Eq. Jur. §§ 907, 954; Kerr on Inj. 214, 535, 593; High on Inj. 170; *Daly v. Kelly* 4 Dow. 440; *Curtis v. Marquis* 3 Ves. & B. 168; *King v. King* 6 Ves. 172; *Atty. Gen. v. Proprietors* L. R. 2 Eq. Cas. 79; *Turner v. Gatewood* 8 B. Mon. 613; *Joseph v. McGill* 52 Ia. 127; or to restrain a surviving partner from abusing his power and trust to the injury of the representative of the deceased: Coll. Part. § 344; Pars. Part. 307; Story on Part. § 344; *Hartz v. Schrader* 8 Ves. 317; in settling up the partnership affairs the surviving partner must keep the good will of the business in connection with the property and dispose of them together: *Hall v. Barrows* 4 De G., J. & S. 159; *Williams v. Wilson* 4 Sandf. Ch. 380.

*Charles A. Kent* for defendant.

COOLEY, J. Pending the appeal in the case of *Chittenden v. Witbeck*, decided herewith, *ante*, p. 401, Chittenden gave notice to the defendant that he should remove the furniture belonging to the partnership from the Russell House where it was then in use, and store it elsewhere. Witbeck thereupon filed the bill in this case, the purpose of which was to restrain such removal. The complainant claims, in the bill in this case, as well as in the answer in the former case: 1st. That Chittenden was in the possession of the Russell House under and by virtue solely of his rights as surviving partner, and was holding the same in trust for the partnership. 2d. That the good-will of the business was partnership

property, and that he was carrying on the Russell House and reaping the benefit of such good-will, in the same trust. 3d. That the furniture in question was also partnership property, and was used by him in the same trust. 4th. That the value of this furniture very largely depended upon its being disposed of in connection with the right to occupy said Russell House and the good-will of the business, and that any attempt to separate said furniture from the rights of the partnership to the occupation of said hotel and the good-will of the business would be an irreparable injury.

The Superior Court issued the injunction prayed for, and defendants appealed. Reference to the opinion in the former case will sufficiently show that in our opinion the injunction should not have been granted.

The order awarding it must be reversed with costs, and the bill dismissed.

The other Justices concurred.