SCHMELZER *v.* BARTLETT ILLUMINATING CO.

APPEAL AND ERROR — APPEALABLE DECISIONS — FINAL ORDERS —
NUISANCE—ABATEMENT.

Where, in a suit for the abatement of an alleged nuisance and
for damages, the court, on application for a preliminary in-
junction, directs that proofs be taken in open court and finds
on conflicting evidence that a nuisance exists, and that com-
plainant is entitled to an abatement, an order then made,
directing such abatement and the issuance of an injunction
unless abatement is had within 60 days, is a final appealable
order.

Bill by John Schmelzer against the Bartlett Illuminat-
ing Company and the Saginaw Valley Traction Company
to abate a nuisance. From an order granting the prayer
of the bill, defendants appeal: On motion to dismiss.
Submitted October 10, 1905. (Calendar No. 21,329.)
Denied December 4, 1905.

*Weadock, Purcell & Weadock,* for the motion.
*Humphrey, Grant & Smith,* contra.

MOORE, C. J. This is an application to dismiss an
appeal from an order made by the circuit judge in the
case of Schmelzer v. Bartlett Illuminating Company and
Saginaw Valley Traction Company. The complainant in
his bill of complaint avers that he is the owner of a resi-
dence, used by himself and family, costing $20,000, and
the furnishing of which cost as much more. He claims
that defendants afterwards erected their plant and by its
operation are maintaining a nuisance which does him
great injury. He prays, among other things, *first,* for a
decree perpetually abating the nuisance; *second,* for an
injunction, both preliminary and perpetual, restraining
defendants from using their plant; *third,* for the damages
he has sustained.

Defendants filed answers in which they admit the ownership and operation of their plant, but deny the averments of complainant's bill. They also contend that, if he is injured, he has an adequate remedy at law, and that the equity court should not take jurisdiction.

Complainant sought to have a preliminary injunction issue. Before issuing it the circuit judge suggested that proofs be taken in open court. Defendants objected to this course until there could be a hearing on the merits, and stated they were not ready to make their defense. The judge overruled their objection and the inquiry was entered upon. Counsel for complainant say in their brief that 26 witnesses were sworn for complainant, photographs and plats were offered in his behalf, and that defendants swore one witness and offered affidavits and photographs in support of their answer. Arguments at length were made by counsel. The learned judge filed an elaborate opinion, in which he reviewed the authorities and reached the conclusion that the case made was a proper one for the exercise of equity jurisdiction. In the opinion he uses the following language:

" It seems clear to me from these authorities that the complainant has a perfect right to file a bill as he did and be heard prior to commencing a suit at law. How is it possible for a jury to estimate in dollars and cents the damage which a person might suffer by reason of noxious odors and gases being driven into his house, the discomfort that a person is placed to by a nuisance being committed continually ? The complainant shows that he has built a costly residence, costing the sum of $20,000, he has furnished and equipped it at a cost of about $20,000, his residence was built and home established prior to the building of the power plant in question, and the defendants knew it when they started to build the plant. Can it be said that because the defendant has built a plant costing $150,000, and it is the only place in the city where electric current can be supplied to the many customers and for the convenience of those who ride upon the cars operated in this city and between Saginaw and Bay City, that the complainant is to be deprived of, and driven out of, his home ? If this is true, I have been unable to find any

authority holding such a doctrine, and none was shown me. This plant could be located in any part of the city, and the claim made, that its plant was built at great expense to them, and if they were compelled to shut down the city would be in darkness and the cars could not be operated, this would be a misfortune, but who has caused it? Surely the complainant did not; he did not invite or encourage it. The only one to blame is the defendant. Many adventures have been a failure, and the one to blame is the person who started the venture. The plant itself is not a nuisance, it is the way it is operated, and the old maxim of law is: 'So use your own that you do not materially injure your neighbor.' This is not a new question, it has been passed by the English courts and nearly every court in the land, and the authorities are nearly uniform. * * *

"I have been unable to find a single case, where the facts are as in this case, but what a person has a right in equity to restrain the continuance of a nuisance. The testimony in this case satisfies me that the facts alleged in the complainant's bill in reference to the nuisance, are true, and all of the allegations have been sustained, and if the plant is continued to be run as it is at present time, the home of the complainant will be ruined. Testimony was introduced to show that a smoke consumer could be placed under these boilers which would do away with the smoke. In this city, there are underfeed stokers in the plants of Mitts & Merrill, the Lufkin Rule Company, and that one was being installed at Seeman & Peters' plant during the time of the trial of this case. Tlocyznski was an expert witness placed upon the stand by complainant, who showed that there are a great many of the underfeed stokers in use. One is used in St. Louis, Mo., by the St. Louis Suburban Railway; also one at Dayton, Ohio, at the city waterworks; also they are in use in Tennessee, Pennsylvania, Minnesota, and several at Detroit and in Grand Rapids. And he further testified that one could be put in the plant of the defendants at a cost of $1,000 for each furnace.

"It was further claimed upon the argument in this case that the court had no right at this time to make an order or issue an injunction, but only could do so after the final hearing, which would be next term of court. Testimony has been taken in this case, the case was fully argued by counsel for complainant and defendant after the testimony

was all submitted, and after a full hearing I am fully advised and convinced that the Bartlett Illuminating Company is maintaining and carrying on a nuisance, and is injuring the complainant, as claimed by him in his bill of complaint, and also that his damages are irreparable and he has not a plain, adequate, and complete remedy at law, and he is entitled to have the nuisance abated. At this time I cannot give the complainant damages, but can restrain the operation of the plant by injunction, if the defendant the Bartlett Illuminating Company fails to discontinue the nuisance. An order may be entered that the company be given 60 days from this date in which to provide some means and appliances to take care of the smoke, soot, gases, and cinders that escape through the smokestack and go upon the property of the complainant, and, on their failure to suppress the nuisance in that time, an injunction may be issued restraining them from operating their plant, unless the company can make a satisfactory showing before me that 60 days is not sufficient time in which they are able to install such smoke consumer so as to prevent the nuisance complained of, and at such showing satisfy me that they have taken proper steps and that the work has progressed as fast as reasonably could be; otherwise injunction will issue at the expiration of 60 days from this date."

He made an order in accordance with his opinion. It is from that order the appeal is taken. Is the order appealable? Counsel for complainant say not, because it is not final, citing *Wing* v. *Warner*, 2 Doug. (Mich.) 288; *U. S. Heater Co.* v. *Molders' Union*, 129 Mich. 361; 2 High on Injunctions (3d Ed.), § 1693; 2 Cyc. p. 587. Without stopping to analyze these authorities, it may be said of them they are quite unlike the case at bar.

The question which arises at the very threshold in this litigation is, Were the defendants maintaining a nuisance? Upon the answer to that question hinges all subsequent action of the circuit judge. If they were not maintaining a nuisance the bill should be dismissed. If they were, adequate relief ought to be granted to complainant. The complainant insisted upon an affirmative answer to the question; the defendant, upon a negative answer. Testi-

mony was offered tending to support each of these contentions.  The circuit judge, after hearing the testimony and the arguments of counsel, decided this pivotal question in favor of the complainant, and made an order, in effect, requiring the nuisance to be abated within 60 days, or, in case of failure to do so, granting an injunction.  It is true this order does not dispose of all the questions involved in the litigation, but it is equally true that it disposes of the basic one.  Without going into detail, we, think it may be said that the following authorities show the order is final in the sense that it is appealable:  *Tawas, etc., R. Co.* v. *Iosco Circuit Judge,* 44 Mich. 479, and the cases cited therein; *Witbeck* v. *Chittenden,* 50 Mich. 426; *Candler* v. *Stange,* 53 Mich. 479; *Ladd* v. *Flynn,* 90 Mich. 181; *Hake* v. *Coach,* 105 Mich. 425, and the cases there cited.

The motion to dismiss the appeal is denied.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.