STATE ROAD BRIDGE CO. *v.* SAGINAW CIRCUIT JUDGE.

143   337
s148   397
143   355
148   ³407

1. QUO WARRANTO — INJUNCTION — INTERFERENCE WITH STATUS QUO.

On an information in the nature of quo warranto against a toll bridge company to test its right to maintain its franchise and privilege of collecting tolls, it is improper to grant a temporary injunction restraining defendant from collecting any tolls or further exercising any rights which it claims under its franchise, the result being to deprive defendant of the possession, use, and control of its property, without a hearing on the merits.

2. MANDAMUS—PROPRIETY—APPEALABLE ORDER—DECISION.

Though appeal and not mandamus is the proper remedy, where the circuit court in chancery issues an improper restraining order, the court will express its views, having no doubt that the circuit judge, being advised thereof, will set the order aside upon application.

3. VENUE—CHANGE—MOTION—NOTICE.

Four days' notice is required for hearing a motion for change of venue.

Mandamus by the State Road Bridge Company to compel William G. Gage, circuit judge of Saginaw county, to vacate an order granting a temporary injunction, and denying a motion for a change of venue.  Submitted January 30, 1906.  (Calendar No. 21,523.)  Writ denied March 13, 1906.

December 26, 1905, the prosecuting attorney of Saginaw county filed a complaint in the circuit court in chancery, in the nature of an information in quo warranto, to test the right of the State Road Bridge Company to maintain its franchise and privilege of collecting tolls over its bridge across the Tittabawassee river, and for an injunction to restrain it from collecting tolls until the further order of the court.  Upon filing the complaint, application was made to the court to issue a temporary injunction.

An order to show cause was issued, returnable December 30th at 9 o'clock a. m.   Such motion was served at 7:30 p. m. December 27th.   December 30th the attorney for the company appeared and asked an extension of two weeks' further time to answer.   This was refused, and the court extended the time only until 9:30 a. m. January 2d, requiring the company to serve its answer not later than 2 p. m. on January 1st.   Several important legal and constitutional questions are raised by the complaint.   On January 1st, within the time limited, the attorneys for the company filed and served a demurrer and a motion for a change of venue, to be heard at the same time, based upon the files in the case and an affidavit of one of the officers of the company.   This affidavit sets forth as a reason for the change extreme prejudice against the company in Saginaw county.   The court denied the application for a change of venue, and granted a temporary injunction restraining the company from collecting any tolls or further exercising any rights which it claimed under its franchise.

*De Vere Hall* (*W. F. Paine*, of counsel), for relators.

*Frank A. Rockwith*, Prosecuting Attorney (*F. E. Emerick* and *L. T. Durand*, of counsel), for respondent.

Grant, J. (*after stating the facts*).   The usual office of an injunction is to preserve the status quo of property until the final hearing upon the merits.   The result of the restraining order in this case is to deprive the parties of the possession of their property, of the right and control over it, the use of, and the income from it.   The effect of this restraining order is the same as was that in *Hall* v. *Wayne Circuit Judge*, 111 Mich. 395, in which we said:

"This order attempts to divest possession of property on a preliminary inquiry, and, if not an absolute nullity, was improvidently made."

The order in this case as effectually deprived the company of the possession and use of its property as did the

appointing of a receiver in that case. In that case we held that appeal, not the writ of mandamus, is the proper remedy. As we said then, so we say now:

" We have no doubt that the circuit judge will vacate the order upon a renewal of the application and upon being advised of the view taken by this court."

There is no decree upon the merits of the questions involved, and they are therefore not before us for determination. We have already decided that a four days' notice is required for hearing a motion for change of venue. *Peterson* v. *St. Clair Circuit Judge,* ante, 79.

The writ is denied, without costs.

McAlvay, Ostrander, Hooker, and Moore, JJ., concurred.