IOWA LILLOOET GOLD MINING CO., Limited, v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. July 21, 1906.)

No. 192.

1. CORPORATIONS—FOREIGN CORPORATIONS—COMPLIANCE WITH STATE LAWS—CONTRACTS.

Code Iowa 1897, § 1637, requires foreign corporations doing business within the state to file copies of their articles of incorporation with the Secretary of State, and otherwise comply with the law relating to domestic corporations, etc.; but section 1636 declares that no person or persons acting as a corporation shall be permitted to set up a want of legal organization as a defense to any action against it, nor shall any person sued on a contract made with such corporation be permitted to set up a want of such legal organization in his defense. *Held* that, where a foreign corporation was acting as a corporation in Iowa at the time it made the contract sued on with defendant, it was no defense to an action thereon that plaintiff had not complied with section 1637.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2561–2563.]

2. SAME.

A defendant sued by a corporation on a contract made with it cannot question the right or authority of the corporation to make the contract or to transact business in the state in which the contract was made; such question being within the exclusive province of the state.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2536–2548.]

3. SAME—JUDGMENT OF OUSTER.

In a direct action by a state to oust a foreign corporation from doing business therein without complying with the state law regulating foreign corporations, judgment of ouster will not be awarded if the corporation complies with such law within a reasonable time.

Albrook & Lundy, for plaintiff.
Healy Bros. & Kelleher, for defendant.

REED, District Judge. The plaintiff, a corporation of Canada, sues defendant upon its bond given to plaintiff, guarantying the fidelity of its secretary, alleging that said secretary breached the conditions of the bond by embezzling a large amount of plaintiff's money. The defendant in one count of its answer alleges that plaintiff has never complied with sections 1637, 1638, and 1639, Code Iowa 1897, which require foreign corporations who desire to do business in that state to file in the office of the Secretary of State a copy of their articles of incorporation, and procure from said Secretary a permit to transact business in that state; that the business and transactions alleged in the

petition to have given rise to the alleged cause of action against defendant were carried on and transacted in Iowa by the plaintiff in violation of said sections. The plaintiff demurs to said count of the answer. The sections of the Code above named are a part of the general incorporation laws of the state of Iowa, and provide as follows:

"Sec. 1637. Any corporation for pecuniary profit, other than for carrying on mercantile or manufacturing business, organized under the laws of another state, * * * or of any foreign country, which * * * desires hereafter to transact business in this state, * * * shall file with the Secretary of State a certified copy of its articles of incorporation duly attested, accompanied by a resolution of its board of directors or stockholders authorizing the filing thereof, and also authorizing the service of process to be made upon any of its officers or agents in this state engaged in transacting its business, and requesting the issuance to such corporation of a permit to transact business in this state; said application to contain a stipulation that such permit shall be subject to the provisions of this chapter. Before such permit is issued the said corporation shall pay to the Secretary of State the same fee required for the organization of corporations in this state. * * * The Secretary of State shall thereupon issue to such corporation a permit, in such form as he may prescribe, for the transaction of the business of such corporation, and upon the receipt of such permit said corporation shall be permitted and authorized to conduct and carry on its business in this state. Nothing in this section shall be construed to prevent any foreign corporation from buying, selling and otherwise dealing in notes, bonds, mortgages, and other securities.

"Sec. 1638. No foreign corporation which has not in good faith complied with the provisions of this chapter and taken out a permit shall possess the right to exercise the power of eminent domain, or exercise any of the rights and privileges conferred upon corporations until it has complied herewith and taken out such permit.

"Sec. 1639. Any foreign corporation that shall carry on its business in violation of the provisions of this chapter in the state of Iowa, * * * without having complied with this statute and taken out and having a valid permit, shall forfeit and pay to the state for each and every day in which such business is transacted and carried on, the sum of one hundred dollars to be recovered by suit in any court having jurisdiction; and any agent, officer or employé who shall knowingly act or transact such business for such corporation, when it has no valid permit as provided herein, shall be guilty of a misdemeanor, and for such offense shall be fined not to exceed one hundred dollars, or be imprisoned in the county jail not to exceed thirty days, or by both such fine and imprisonment. * * * All foreign corporations, and the officers and agents thereof, doing business in this state shall be subject to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers."

Among the powers of such corporations are the following:

"(2) To sue and be sued by its corporate name. * * * (6) To make contracts, acquire and transfer property, possessing the same powers in such respects as natural persons. * * *" Code § 1609.

It is not affirmatively alleged that the bond in suit was made to plaintiff in Iowa, but in argument it has been assumed that it was, and that the matters alleged in the petition as constituting a breach thereof arose out of business transactions of the plaintiff in that state. It may be conceded that the state may by statute lawfully prescribe the conditions upon which it will permit foreign corporations not engaged in interstate commerce to transact business therein, and prevent them by proper action from doing so until

they comply with such conditions. Whether or not contracts made by such corporations before complying with such conditions, when any are imposed, are void, depends upon the terms of the statute imposing the conditions. Chattanooga Building Association v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870; Frittz v. Palmer, 132 U. S. 285, 10 Sup. Ct. 93, 33 L. Ed. 317; Cooper v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Ammons v. Brunswick-Balke Co. (C. C. A.) 141 Fed. 570. While it is true, as a general rule, that a penalty imposed by statute for the doing of an act implies a prohibition of the act, yet the courts will look to the entire statute, the subject-matter of it, the wrong which it seeks to remedy or prevent, and the purpose sought to be accomplished by its enactment; and if in so doing it is apparent that it was not intended to render the forbidden act void the statute will be construed accordingly. Harris v. Runnels, 12 How. 79, 13 L. Ed. 901; National Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Watrous v. Blair, 32 Iowa, 58; Pangborn v. Westlake, 36 Iowa, 548.

It is manifest that the statute of Iowa relating to corporations was not intended to render void their contracts made before they had complied with its provisions. The requirements that foreign corporations should file copies of their articles of incorporation with the Secretary of State, and otherwise comply with the law relating to them, was to place them on a level with domestic corporations, impose upon them the same duties, obligations, and liabilities, and subject them, equally with domestic corporations, to the jurisdiction of the courts of the state; this, as a source of revenue to the state, and for the protection of its citizens and others dealing with them in that state, and not to strike down and render void their contracts. Instead of declaring unlawful or void the contracts of either domestic or foreign corporations made before complying with the law, section 1636 of the Code expressly provides that:

"No person or persons acting as a corporation shall be permitted to set up a want of legal organization as a defense to any action against it; nor shall any person sued on a contract made with such an acting corporation be permitted to set up a want of such legal organization in his defense."

When defendant made its contract with plaintiff, the latter was certainly acting as a corporation in Iowa, and no reason has been suggested and none is perceived why the parties to the transaction are not within at least the spirit of this section. Courtright v. Deeds, 37 Iowa, 503–511; Howe Machine Co. v. Snow, 32 Iowa, 433; Washington College v. Duke, 14 Iowa, 14. In fact this section seems but declaratory of the existing rule. National Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234–245, 91 N. W. 1081; Dutchess Manufacturing v. Davis, 14 Johns. (N. Y.) 239–245, 7 Am. Dec. 459; Swartwout v. Michigan, etc., Railroad Co., 24 Mich. 389–394; East Norway, etc., Church v. Froislie, 37 Minn. 447, 35 N. W. 260. In National Bank v. Matthews, above, the following from Sedgewick on Statutory Construction is quoted with approval:

"When it is a simple question of authority to contract, arising either on a question of regularity of organization or of power conferred by the char-

ter, a party who has had the benefit of the agreement cannot be permitted in an action founded upon it to question its validity. It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract the benefit of which he retains."

Chattanooga Building Association v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870, principally relied on by defendant, arose in Alabama, whose statute expressly declares that "it is unlawful for any foreign corporation to engage in or transact any business in this state before complying with this law," and to do so is declared an offense. The Supreme Court of Alabama had construed this statute as rendering void any contract made by a foreign corporation before complying with its provisions. This construction was necessarily followed by the Supreme Court of the United States in determining the case. The statute of Iowa is materially different, for the corporation commits no offense in transacting business in that state before compliance with its provisions, but incurs a civil liability only to the state of $100 for each day in which its business is transacted, though its officers or agents who knowingly transact the business when the corporation has no permit may be guilty of a misdemeanor. The Supreme Court of that state has directly held that the failure of a foreign corporation to comply with the statute does not render its contracts void. Spinney v. Miller, 114 Iowa, 212, 86 N. W. 317, 89 Am. St. Rep. 351; Prudential Insurance Co. v. Cushman (Iowa) 106 N. W. 394. The bond in suit, therefore, is not void. Again, it is well settled that a defendant sued by a corporation upon a contract made with it cannot question the right or authority of the corporation to make the contract, or to transact business in the state in which it is made. The state alone may do this. Smith v. Sheeley, 12 Wall. 358–361, 20 L. Ed. 430; National Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Cowell v. Springs Co., 100 U. S. 55–61, 25 L. Ed. 547; Frittz v. Palmer, 132 U. S. 285, 10 Sup. Ct. 93, 33 L. Ed. 317; Railway Co. v. Lewis, 53 Iowa, 101–113, 4 N. W. 842; Spinney v. Miller, 114 Iowa, 210–213, 86 N. W. 317, 89 Am. St. Rep. 351; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234, 91 N. W. 1081; Prudential Insurance Co. v. Cushman (Iowa) 106 N. W. 394; Blodgett v. Lanyon Zinc Co., 120 Fed. 893, 58 C. C. A. 79. In Smith v. Sheeley, 12 Wall. 358–361, 20 L. Ed. 430, it is said:

"It is not denied that the bank was duly organized in pursuance of the provisions of an act of the Legislature of the territory of Nebraska, but it is said that it had no right to transact business until the charter creating it was approved by Congress. This is so, and it could not legally exercise its powers until this approval was obtained, but this defect in its Constitution cannot be taken advantage of collaterally. No proposition is more thoroughly settled than this, and it is unnecessary to refer to authorities to support it."

Even in a direct action by the state to oust a foreign corporation from doing business in Iowa without complying with the law of that state, judgment of ouster will not be awarded if the corporation shall within a reasonable time comply with such law. State v. Railway Co., 91 Iowa, 517, 60 N. W. 121.

Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759, involved the validity of a contract for the sale of intoxicating liquors made in violation of a city ordinance, and Richardson v. Brix, 94 Iowa,

626, 63 N. W. 325, was the case of a real estate broker or agent conducting a business in violation of a city ordinance. In each case the ordinance violated was a valid police regulation, which in one case imposed a fine and in the other a fine and imprisonment for its violation. Diamond Glue Co. v. United States Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328, involved an executory contract to carry on business, which was to continue after the passage of a statute imposing a fine for conducting or carrying on such business in violation thereof. The decision seems to rest upon the ground that to conduct such business after the passage of the statute without compliance therewith would, under its terms, be a crime.

The principles upon which these decisions rest are not deemed applicable under the Iowa statute in question. The conclusion is that the demurrer should be sustained, and it is so ordered.