ROCKWITH, *ex rel.* KERNS, *v*. STATE ROAD BRIDGE CO.

BRIDGES—BRIDGE COMPANIES—NAVIGABLE WATERS—AUTHORITY OF SUPERVISORS — FRANCHISE — RENEWAL—REORGANIZATION OF COMPANY.

Where a bridge company, the corporate existence of which was limited to 30 years by section 10, art. 15, of the Constitution, obtained permission of the board of supervisors of the proper county to build and maintain a toll bridge across a navigable stream, such franchise expired with the franchise of the corporation, and the act of the corporation in reorganizing under Act No. 328, Pub. Acts 1905, before the expiration of its charter, could not, without further action of the board of supervisors, operate to renew the franchise to maintain the bridge another 30 years.

Appeal from Saginaw; Gage (William G.), J. Submitted June 5, 1906. (Docket No. 81.) Decided August 4, 1906.

Quo warranto proceedings by Frank A. Rockwith, prosecuting attorney, on the relation of Joseph W. Kerns and others, against the State Road Bridge Company and others to test the right of said company to maintain its franchise and privilege of collecting tolls on its bridge over the Tittabawassee river. From a decree for complainant, defendants appeal. Affirmed.

*F. A. Rockwith* (*F. E. Emerick* and *L. T. Durand*, of counsel), in pro. per.

*De Vere Hall* (*W. F. Paine*, of counsel), for defendants.

MOORE, J. This is a proceeding brought to have the defendants enjoined from unlawfully collecting toll from people having occasion to pass over a bridge across the

Tittabawassee river. The court below granted a writ of injunction. The proceeding is brought here by appeal.

It is the claim of the relator that on the 17th day of December, 1875, a corporation known as the State Road Bridge Company was organized for a period of 30 years and for the purpose of constructing and maintaining a bridge over the Tittabawassee river, and that the life of said corporation closed December 17, 1905. It is the further claim that the board of supervisors on the 18th of January, 1876, undertook to authorize by resolution said bridge company to build a bridge across said river, and said company afterwards erected said bridge, but that said board was without authority to pass such resolution for several reasons, but principally because no petition had been presented to the board of supervisors as required by law. It is further claimed that defendants Paine, Bouldin, and Paine are now acting as the State Road Bridge Company. It is also claimed that said bridge is out of repair and for more than a year has not been reasonably safe and fit for public travel; that the planks are old, decayed, and worn, and the abutments are unsafe; that said bridge is part of the public highway; that the public authorities have attempted to take possession of said bridge and are kept by defendants from doing so by threatening to use force; that said defendants, by reason of the premises, are now and have been continuously for a period of six months past maintaining a public nuisance on said highway. The defendants demurred to the petition of relators.

The claim of the complainant, then, is, *first*, that defendants were never legally authorized to build the bridge and collect the tolls; *second*, that, conceding it was authorized, its authority ceased December 17, 1905, when its charter expired; *third*, that, under its charter, it was bound to keep said bridge in repair and reasonably safe and fit for travel, and that, instead of doing so, it has allowed it to become so out of repair that it is unsafe and a public nuisance.

The defendants claim that the defendant company was organized as stated by complainant; that the board of supervisors, having authority, conferred upon it a franchise without limitation as to time to build and maintain the bridge and collect tolls. It is further claimed that, though the life of the defendant corporation was in the first instance but 30 years (we quote from brief of counsel)—

"On October 24, 1905, respondent corporation, proceeding under Act No. 328, Pub. Acts 1905, took the necessary steps and thereupon renewed its corporate life for a further period of 30 years from December 16, 1905."

By the action taken respondent corporation claims "it is vested for a further term of 30 years with all the authority possessed under its original articles of incorporation, and empowered to continue the collection of tolls the same as though its corporate life had not originally been limited to 30 years."

It is conceded the board of supervisors has taken no action since 1876 in relation to this company. The important question is: Have the defendants the right to exact toll subsequent to December 17, 1905? It is the claim of defendants that, as the franchise given to it by the board of supervisors was without limitation, when it was reorganized for a term of 30 years it had the same authority to collect tolls that it had in the first instance, citing *Detroit Citizens' Street-Railway Co. v. City of Detroit*, 64 Fed. 628, *Louisville Trust Co. v. City of Cincinnati*, 76 Fed. 296, and other cases.

We shall not undertake an analysis of all these cases, but an examination of them will show they are distinguishable. In *Detroit Citizens' Street-Railway Co. v. Detroit*, supra, as shown by the opinion, the grant was to the grantees named and "their successors or assigns." In *Louisville Trust Co. v. Cincinnati*, supra, as appears by the opinion, there is no limit to the duration of the corporation. In the case at bar when the defendant corporation came into existence its life could not be longer

than 30 years, because of section 10, art. 15, of the Constitution of 1850, and it was not in the power of the legislature to extend its life. *Attorney General, ex rel. Mason,* v. *Perkins,* 73 Mich. 303.

At the time the defendant corporation came into existence the following constitutional provisions existed:

"The board of supervisors of each organized county may provide for laying out highways, constructing bridges, and organizing townships, under such restrictions and limitations as shall be prescribed by law." Article 10, § 11.

"No navigable stream in this State shall be either bridged or dammed without authority from the board of supervisors of the proper county under the provisions of law. No such law shall prejudice the right of individuals to the free navigation of such streams or preclude the State from the further improvement of the navigation of such streams." Article 18, § 4.

The situation, then, was that a corporation came into being, the life of which was limited, not only by its articles of association, but by the Constitution of the State, to 30 years. This corporation, then, applied to the only body, the board of supervisors, that could give it a franchise to bridge a navigable stream and to collect toll. An attempt was made to grant to it, not to its successors or assigns, the franchise it asked. Conceding that the action of the board of supervisors was regular, we think it very clear the board of supervisors did not intend to grant, and the grantees did not suppose they were getting, a franchise for a longer period of time than the life of the corporation. See *Wyandotte Electric Light Co.* v. *City of Wyandotte,* 124 Mich. 43; *Turnpike Co.* v. *Illinois,* 96 U. S. 63. Is it possible, then, that by the act of one of the parties in reorganizing (and we express no opinion as to whether that reorganization was valid), and without consulting the board of supervisors, a franchise which in the first instance was, because of the limitation of the life of the grantee and the then existing provisions of the law limited to 30 years,

given validity for another 30 years? We think the answer to this question must be in the negative.

We have examined the other contentions of counsel. We do not deem it necessary to discuss them.

The decree of the court below is affirmed, with costs.

CARPENTER, C. J., and MCALVAY, GRANT, and HOOKER, JJ., concurred.