STATE ROAD BRIDGE CO. *v.* SAGINAW CIRCUIT JUDGE.

VENUE—CHANGE—TIME TO MOVE—WHEN CAUSE AT ISSUE.

A chancery cause is at issue upon the filing of a demurrer to the bill, and a motion for change of venue filed more than 10 days thereafter is not timely (Circuit Court Rule 58), though the demurrer is overruled and answer and replication subsequently filed.

Mandamus by the State Road Bridge Company and others to compel William G. Gage, circuit judge of Saginaw county, to vacate an order denying a change of venue. Submitted April 16, 1907. (Calendar No. 22,227.) Writ denied May 18, 1907.

*De Vere Hall* (*William F. Paine*, of counsel), for relators

*Miles J. Purcell* (*L. T. Durand* and *Frank E. Emerick*, of counsel), for respondent.

BLAIR, J. December 26, 1905, the prosecuting attorney of Saginaw county filed a bill of complaint in the circuit court for the county of Saginaw, in chancery, in the nature of an information in quo warranto, against petitioners, to determine by what warrant the bridge company claimed to exercise the franchise and privilege of collecting tolls over its bridge across the Tittabawassee river. Application was also made for a temporary injunction. January 1, 1906, petitioners filed a demurrer to the information and a motion for a change of venue. The motion for a change of venue was denied by the circuit judge, and on March 13, 1906, his action was approved by this court, on the ground that the requisite four days' notice of the motion had not been given. *State Road Bridge Co.* v. *Saginaw Circuit Judge*, 143 Mich. 337. April 13, 1906, claim of appeal from the order overruling the demurrer was filed, and on August 4, 1906, the order was affirmed by this court. *Rockwith, ex rel. Kerns*, v. *Bridge Co.*, 145 Mich. 455. January 5, 1907, answer was filed by defendant, and on January 28, 1907, replication and notice to take proofs in open court were filed. On February 7th, the motion for change of venue, which is the basis of the present application for a writ of mandamus, was made, and on February 20th denied.

The reasons of the circuit judge for denying the application for change of venue are concisely stated in the brief for respondent, as follows:

"1. Defendant (relators) failed to comply with the requirements of Circuit Court Rule 58.

"2. The matter of this motion was, by the making of the former motion upon the same subject upon the same grounds and for the same reasons, and its disposition, rendered res adjudicata.

" 3. The statute (Act No. 309, Pub. Acts 1905) does not apply to chancery cases.

" 4. No grounds upon which the motion is founded are set out, as required by law.　Circuit Court Rule 19."

It is contended on behalf of respondent that, by the provisions of Chancery Rule 13*a*, the cause was at issue upon the filing of the demurrer in January, 1906, and therefore the motion was not timely, under Circuit Court Rule 58. This contention must be sustained.　As we said in *Detroit Portland Cement Co.* v. *Genesee Circuit Judge*, ante, 286:

" There could be little reason for an application for a change of venue before an issue of fact or law should be joined, for the case could then be heard only upon default. And we are of the opinion, therefore, that a court should not be asked to change the venue by a defendant who has not made an issue.　And, as chancery causes are not in condition for hearing until all defendants over whom the court has obtained jurisdiction have either tendered an issue or been defaulted (see Chancery Rule 13), we think that an application made within 10 days after the filing of the last plea, answer, or demurrer, or expiration of the period for the entry of defaults, would be seasonable under the rule."

The writ is denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.