MICHIGAN UNITED RAILWAYS CO. v. KALAMAZOO CIR-
CUIT JUDGE.

MANDAMUS—INJUNCTION—STREET RAILWAYS—INTERURBAN CARS
IN CITIES.
On mandamus to compel a circuit judge to dissolve a tempo-
rary injunction restraining a street railway company from
operating interurban cars on the street railway tracks in the
city of Kalamazoo, under a franchise that the company
claimed authorized such user, the right to a final restraining
order not being clear, and the public sustaining no injury
from continued operation of the car, the injunction is
ordered dissolved.

Mandamus by the Michigan United Railways Company
to compel Frank E. Knappen, circuit judge of Kalamazoo
county, to dissolve an injunction. Submitted November
16, 1909. (Calendar No. 23,675.) Writ granted Decem-
ber 30, 1909.

*Sanford W. Ladd* (*Alfred J. Mills*, of counsel), for
relator.

*William L. Fitzgerald*, for respondent.

OSTRANDER, J. The city of Kalamazoo on October 16,
1909, filed its bill of complaint in the circuit court, in chan-
cery, for Kalamazoo county, against the Michigan United
Railways Company, and prayed:

"That a temporary injunction may issue from this
court, ordering and directing the said Michigan United
Railways Company, its successors, agents, servants, mo-
tormen, conductors, and employés, to refrain from operat-
ing interurban cars from and off its interurban railroad
onto the street railway tracks on Washington avenue and
Portage street, in the city of Kalamazoo, and to desist and
refrain from turning, reversing, and switching said inter-
urban cars at the intersection of Main street and Portage
street in the city of Kalamazoo.

" That it may be decreed by this court that the operation and running of interurban cars by the Michigan United Railways Company upon Washington avenue and Portage street, and the switching and turning and reversing of the same at the intersection of Portage street and Main street in the city of Kalamazoo, is unnecessary in the operation and management of the street car system operated and conducted by the said Michigan United Railways Company, under its franchise known as Ordinance No. 101, and the amendment thereto, in the city of Kalamazoo, and that the same constitute a nuisance.

" That the said Michigan United Railways Company, its officers, agents, servants, motormen, conductors, and employés, be perpetually enjoined and restrained from operating interurban cars from and off its interurban railroad onto the street railway tracks on Washington avenue, and Portage street, and from turning, reversing, and switching the same at the intersection of Portage and Main streets in the city of Kalamazoo, and that a permanent injunction may issue in the premises."

On the same day, without notice to defendant, an injunction was issued commanding the said defendant to—

" Absolutely desist and refrain from operating and running interurban cars from and off your interurban railway on the street railway tracks on Washington avenue and Portage street, in the city of Kalamazoo, and that you desist and refrain from turning, reversing, and switching said interurban cars at the intersection of Portage and Main streets in the city of Kalamazoo, until the further order of this court."

Thereafter the defendant answered the bill of complaint, and on or about November 1, 1909, moved the court upon the bill and answer to dissolve the injunction. The motion, coming on to be heard, was, by an order of court entered November 19, 1909, denied. Upon the petition of defendant this court issued its order to the circuit judge to show cause why the injunction should not be dissolved. An answer to the petition has been filed, no issues have been framed, and the cause stands for decision upon the petition and answer.

It appears that defendant is owner of the tracks and

equipment of an electric railway operated in the streets of the city of Kalamazoo under an ordinance. It is owner, also, of the tracks and equipment by which it operates cars from Kalamazoo to Battle Creek and beyond. The defendant and its immediate assignor have operated cars from points without the city to points within the city, over and upon the streets mentioned in the injunction, and have turned or reversed the large interurban cars by means of a Y in the streets since May, 1900. It operates its cars beyond the city by virtue of franchises granted by the townships and cities through which its line of road extends. It is said on the part of the city that defendant has no right to operate cars from without the city in the streets of the city under the franchise referred to, and that therefore it has no right to operate such cars within the city. It is further contended that the use made of the streets in turning the cars constitutes a nuisance.

On the other hand, the defendant contends: That by the very force of its franchise rights in the city, and the statute, it has authority to operate its cars into the surrounding country; that the original ordinance and its amendments, fairly construed, give it the express consent of the city to do precisely what it and its assignor has for 10 years been doing; that in any event the city is estopped to deprive it in this manner of its use of its property installed without protest on the part of the city and used, as indicated, without objection. The writ, which was granted without considering the question of nusiance, operates to give to complainant all the rights which it seeks to secure by a final decree. It deprives the defendant of the use of its property and interferes with its established business as a common carrier of passengers. No bond appears to have been required of the city to indemnify the defendant. There is no exigency which demands the use of the temporary writ of injunction. It does not appear that complainant, or its citizens, will suffer if the cars are operated, as they have been, until such time as a

final hearing and decree may be had. The learned circuit judge was of opinion that, inasmuch as it is admitted that defendant used the streets in the manner indicated, no questions of fact were involved, and the question of right is one of law properly presented upon the application for a temporary injunction.

We do not pass upon the merits of the controversy beyond this: The final right to the writ is not so clear that we should refuse to interfere. In this view of the case, the governing rule is a familiar one. We do not feel called upon to determine, no question of the proper remedy having been raised, whether the order granting the injunction is so far a final order that an appeal would lie. See *State Road Bridge Co.* v. *Saginaw Circuit Judge*, 143 Mich. 337 (106 N. W. 394); *Schmelzer* v. *Illuminating Co.*, 142 Mich. 133 (105 N. W. 129).

The writ of mandamus is granted, with costs against the city of Kalamazoo.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.