HARBAUER-MARLEAU CO. *v.* THWING.

APPEAL AND ERROR—SPECIFIC PERFORMANCE — INJUNCTION—PRELIMINARY RELIEF.

In a suit for specific performance of a contract to sell cucumber pickles to complainant, a preliminary injunction restraining the defendant from disposing of the property pending the final determination of the cause, is not a final order which can be reviewed on appeal upon the denial of a motion to dissolve.

Appeal from Kent; McDonald, J. Submitted January 18, 1911. (Docket No. 161.) Decided March 13, 1911.

Bill by the Harbauer-Marleau Company against George S. Thwing for specific performance. From an order granting an interlocutory injunction to restrain defendant from disposing of the property involved in the proceedings, and from the refusal, on motion, to dissolve the injunction, defendant appeals. Appeal dismissed.

*Colin P. Campbell,* for complainant.

*Maher & Barnard* (*Roger W. Butterfield,* of counsel), for defendant.

OSTRANDER, C. J. Complainant asked for a decree requiring specific performance of the following agreement, and, pending final decree, for an injunction restraining the sale or removal of the pickles:

"CHICAGO, ILL., May 25, 1910.
"Pickle Contract.

"The West Michigan Pickle Works of Grand Rapids, Mich., sells to the Harbauer-Marleau Co., of Toledo, Ohio, the product of their salting station, consisting of about 75 acres of pickles as follows:—Vat Run and Large Pickles. The Vat Run Pickles to measure 4 inches and under in length and count to be 4,500 or better to six

bushels.   Large Pickles to measure about 4 inches to 5½ inches in length and count to be 1,200 to 1,500 or better to 6 bushels.   Measure to 45 gallons.   Pickles to be reasonably free from nubs and stock to be kept in good mercantile condition by seller free of cost to buyer until shipped. Terms, $50.00 to be paid on signing of contract, this payment to apply on last shipment.   One-half of the pickles to be taken or paid for by January 1st, and all to be taken or paid for by March 1st.   Price to be 95c per bushel f. o. b. Grand Rapids for Vat Runs and 50 per bushel for Large Pickles.   Cooperage extra at cost or to be furnished by buyer.   Pickles to be inspected and approved October 1st.   Terms:—Net cash 10 days after arrival.

"WEST MICHIGAN PICKLE WORKS,
"GEORGE S. THWING, Seller.
"The HARBAUER-MARLEAU CO.,
"Per J. W. HARBAUER, President, Buyer.
"W. R. Eley, Broker."

On filing the bill of complaint (October 1, 1910), a temporary injunction was issued.   Motion to dissolve the injunction was made October 3, 1910, which was based upon the record and the affidavit of defendant Thwing. A demurrer and plea were filed November 12, 1910, and on November 23, 1910, a motion to dissolve the injunction was filed, which motion is based upon the record and files and an affidavit of defendant Thwing.   The motions were denied.   It appears from the brief of appellant—not from the record—that by consent some modification of the injunction was made.   It is also stated in the brief that the first motion to dissolve was heard October 17th; the last motion to dissolve was heard November 28th.   Defendant has appealed from the orders granting and refusing to dissolve the injunction.

In this court a motion to dismiss the appeal was entered and brought on to be heard.   It appeared that the record on appeal was returned and printed, and the motion to dismiss was denied, and the cause was advanced upon the docket for hearing.   Whatever doubts then existed concerning the right of defendant to appeal from the orders granting and refusing to dissolve the injunction were re-

moved at the hearing. The orders were in no sense final. It is said the injunction restrains defendant from disposing of his own property. Such is the effect of every injunction which prevents the selling or incumbering of property if it turns out that the defendant owns the property. The bill avers that the cucumbers, or pickles, in question were sold to complainant; that they are especially desirable; that complainant has contracted to sell and deliver some of them to customers; that they cannot secure or purchase pickles like them; that defendant Thwing is financially irresponsible, is engaged in processing some of the pickles, had declared he would not deliver any of them to complainant and would process and dispose of them. We do not consider whether performance of the contract set out in the bill of complaint may be specifically enforced. If the defendant is in fact owner of the pickles, the contract can be in fact performed if there is disposition to perform it. No facts are set out in the affidavits filed with the motions to dissolve the injunction which are not available to defendant upon proper pleadings and proof. The possession of defendant is not disturbed. The order granting the injunction does not, in terms or in effect, dispose of the merits of the controversy or lay down a rule by which the rights of the parties are to be finally determined. It prevents defendant's disposing of the particular property until the merits of the controversy are determined. Numerous decisions of this court which consider the right of appeal from orders in form interlocutory, but in substance and effect final, are mentioned in *Toledo, etc., R. Co. v. Railroad Co.*, 61 Mich. 9 (27 N. W. 715), in *Webber v. Randall*, 89 Mich. 531 (50 N. W. 877), and in *Schmelzer v. Illuminating Co.*, 142 Mich. 133 (105 N. W. 129). None of them supports appellant's contention.

The appeal is dismissed. Appellee will recover costs of printing and a solicitor's fee of $20.

BIRD, HOOKER, MOORE, and McALVAY, JJ., concurred.