### John M. Hoffman v. George Ross.

*Bill in equity: General demurrer.* A bill is good on general demurrer if it contains any matter entitling complainant to equitable relief.

*Bill for partition: Needless allegations.* A bill for partition, showing that defendant is tenant in common with complainant, and that the latter also holds a mortgage on the interest of the former, makes out a good cause for partition, which cannot be affected by any further needless allegations of grievances, if they are not inconsistent with the title set up.

*Partition: Allegations concerning rents and profits.* Allegations concerning receipt of rents and profits by defendant, are not repugnant, and may, under some circumstances, become relevant upon the settlement of partition proceedings.

*Submitted on briefs April 18. Decided July 9.*

Appeal in Chancery from St. Clair Circuit.

*A. E. Chadwick,* for complainant.

*B. C. Farrand* and *Trowbridge & Atkinson,* for defendant.

CAMPBELL, J.

Complainant's bill was dismissed in the court below on hearing, upon what purports to be a demurrer, containing a general objection for want of equity, and a long supplement of impertinent matter, improper to be inserted in any pleading, or filed in any court.

The only question which is before us is, whether there is any matter in the bill upon which any equitable relief whatever could be justified. If there is, the demurrer cannot be sustained.

The bill sets up ownership in fee of an undivided half of certain real estate, shows from whom the title was derived, and asserts that defendant holds the other half under the same title, and that he gave a purchase-money mortgage therefor, which is now held by complainant, and asks a partition, or sale under partition proceedings.

This certainly makes out a clear and indisputable right to a partition. Unless there is something else to defeat it, there is no ground of defense.

The other facts set up are, that defendant had, before complainant purchased, been in possession, receiving rents, and that he denies the amount actually received, and claims he has paid out for repairs more than he has really expended, and refuses to account; that he claims to have received irrevocable authority from their common grantor to rent the premises for five years, paying over half the rent, after deducting taxes and repairs; that complainant, after he purchased, notified defendant, and put tenants in the unoccupied portions of the premises, and requested other tenants to pay rent to him, and not to defendant;

HOFFMAN v. ROSS.

and that defendant denies complainant's right to the rents, or to possession, and has sued the tenants of complainant, for not paying rent to him; that defendant has sought to cheat complainant, by allowing half of the premises to be sold for taxes and purchasing himself, and not redeeming out of the rents and proceeds; that he has become purchaser of two execution sales, and has some private agreement whereby he is to have the deed when the redemption runs out, and that he has, for the purpose of driving out complainant's tenants, not only sued them, but rented a considerable portion of the premises for purposes of prostitution.

These are the principal allegations. They all are entirely consistent with complainant's right of partition. They indicate that the defendant has been guilty of very gross violations of duty, some, at least, of which would be properly cognizable in settling the equities on the accounting for rents and profits, which is one of the important incidents of a partition in equity.—*Story's Eq. Jur.*, § 655. Instead of showing any adverse title in defendant, the facts, if true, would estop him from making any claim of the kind, and he would be estopped by his fiduciary position (whether he would be or not as a mere co-tenant), from doing any thing to the detriment of the complainant, within the range of acts set up against him.

Whether, therefore, there may not be some things in the bill on which no claim can be predicated, or omissions which may render it desirable to amend, the principal purpose of the bill is sustained by the facts, and justifies proceedings for partition. A general demurrer for want of equity cannot, therefore, be maintained.

The decree must be reversed, with costs of both courts, and the demurrer overruled, and defendant must answer in

25 MICH.—23.

thirty· days, and the case must be remitted for further proceedings.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.