EDWIN A. CANDLER v. CHARLES STANGE.

*Accounting—Final order—Estoppel.*

|     |      |
| --- | ---- |
| 53  | 479  |
| 89  | 535  |
| 53  | 479  |
| 105 | 432  |
| 53  | 479  |
| 142 | 137  |

1. A decree which, in a suit for a partnership accounting, places the date at which the firm dissolved at a period later than is claimed by either party, is not final as disposing of the case, but is final and appealable as settling the basis for accounting.

2. Neither party to a suit for a partnership accounting can be made to submit to an overhauling of his accounts for any period that is not within the issue.

3. Where the parties to a suit for a partnership accounting have agreed by their pleadings that their firm was dissolved before suit was brought, neither can afterward claim the contrary, especially if he has made no application to the court for leave to change his pleading but has given evidence in its support.

Appeal from Wayne. (Chambers, J.) April 17.—April 23.

ACCOUNTING. Complainant appeals. Reversed.

*George S. Hosmer* for complainant. A defendant cannot depart from his answer, and avail himself of another defense, however clearly he may establish it: *Van Dyke v. Davis* 2 Mich. 144; *Smith v. Brown* id. 161.

*Ed. E. Kane* for defendant. An order of reference to take an account is not appealable: *Caswell v. Comstock* 6 Mich. 395; *Enos v. Sutherland* 9 Mich. 149; *Patterson v. Hopkins* 23 Mich. 541; *Kingsbury v. Kingsbury* 20 Mich. 216; an unsworn answer cannot be used as evidence against defendant: *Swetland v. Swetland* 3 Mich. 492; *Morris v. Hoyt* 11 Mich. 17.

COOLEY, C. J. Suit in equity for a partnership accounting. The parties are contractors and builders of mason work, and

the bill alleges that they entered into partnership as such by oral agreement November 26, 1880, the partnership to continue indefinitely, and to be dissolvable by either party at pleasure. It further alleges that it was continued until February, 1882, when it was dissolved by mutual consent, except as to two unfinished contracts in the city of Ypsilanti. An accounting is prayed for in the usual form. The bill was filed April 21, 1882. The defendant answered, admitting the partnership, but averring that it was dissolved as to all matters November 4, 1881. On January 30, 1883, a consent decree was entered, declaring the partnership dissolved, and referring it to a circuit court commissioner to take proofs as to the time the partnership continued, and the matters and business covered thereby, and to report the same to the court, with his opinion thereon. The commissioner executed this order, and reported the proofs together with his opinion that the partnership was dissolved on or about February 15, 1882, except as to existing contracts. The defendant excepted to this report and the circuit court sustained the exception, and decreed that the partnership continued in full force and operation until January 30, 1883. The complainant appealed.

It is contended by counsel for defendant that this decree was not final, and therefore not appealable. It was certainly not final in the sense that it disposed of the controversy between the parties; but it was final as settling the basis for accounting; and the basis fixed upon entitled the parties to extend the accounting over a period which neither party by his pleading had claimed to be within the life of the partnership. If this was not admissible, an appeal was allowable within the previous decisions of this Court. *Lewis v. Campau* 14 Mich. 458 ; *People v. Jones* 33 Mich. 303 ; *Maxfield v. Freeman* 39 Mich. 64; *Taylor v. Sweet* 40 Mich. 736 ; *Morey v. Grant* 48 Mich. 326. Neither party could be compelled to submit to an overhauling of his business and accounts for a period not within the issue ; and he was entitled to appeal to this Court from any order which assumed to give the right.

We are also of opinion that the court erred in sustaining

the exception. The parties were agreed that the partnership was dissolved previous to the commencement of the suit; and it was not open to either of them to claim the contrary. The only question in dispute related to the time of dissolution, and whether existing contracts were to be completed on joint account. A suggestion is made on behalf of defendant that when he filed his answer he was seriously ill and did not fully understand it; but this has no force. If there was any reason for making a change in his answer, the court on application, with proper showing, would have given him the liberty. But he has seen fit to stand by it and give evidence in its support; and he cannot repudiate it now.

We have examined the evidence, and are of opinion that it justifies the commissioner's conclusion. An order will be entered overruling the exception with costs of this Court to complainant, and remanding the case.

The other Justices concurred.