WILLIAM L. WEBBER v. IRA E. RANDALL.

[See 86 Mich. 58.]

*Appeal—Final order—Contract—Damages.*

1. On a rehearing of this case it is held that the Court was in error in holding that the decree of the court below was not such a final order as would authorize an appeal by the complainant to this Court, and said decree is held to be final, and in conclusion of his rights and claims in the premises, nothing being left but an accounting, to be taken upon a basis fixed by the decree.

2. The decree is modified by giving complainant the value of the cattle as fixed in the contract, unless it can be shown that the value of that kind of cattle has depreciated between the making of the contract and its breach by defendant; but, if the value of the cattle has been lessened by the want of due care on defendant's part, he must bear the loss.

Rehearing, upon application of complainant, of case reported in 86 Mich. 58. Submitted on briefs November

10, 1891. Decided December 30, 1891. The facts are stated in the opinion.

*James B. Peter* (*Wisner & Draper*, of counsel), for complainant.

*Russell C. Ostrander*, for defendant.

MORSE, J. We held, when this case was first argued, that the decree of the court below was not such a final order as would authorize an appeal to this Court, and the appeal of the complainant was thereupon dismissed. *Webber v. Randall*, 86 Mich. 58. Upon a rehearing of the case I am satisfied that we were in error in such holding. The defendant did not appeal, but it was said by Chief Justice CHAMPLIN in his opinion that the decree was final as against him, because it dispossessed him of the possession of the property, and he could, therefore, have appealed.

As regards the complainant, it seems to me to be also final, and in conclusion of his rights and claims in the premises. All there is left to be done is simply an accounting, to be taken in accordance with the decree of the court. This decree provides for the sale of the cattle and the bringing of the proceeds into court, and fixes the time of the breach of the contract by the defendant as the date at which the value of the cattle shall be computed and adjudged to complainant, and then determines that allowance shall be made to defendant for the keeping and care of the herd, " proper allowance being made in the accounting for milk and butter that should have been realized from said herd had they been properly cared for." And it was further ordered that such further proofs might be taken in open court, upon an adjourned day, " as may be required to fix the measure of complainant's recovery." The basis of complainant's recovery is

fixed and final.   The amount of it is nothing more than a matter of computation from further proofs to be taken upon such basis.

The previous decisions of this Court are not very satisfactory, when compared one with the other.   The language in *Caswell v. Comstock,* 6 Mich. at page 395, would seem to imply that there could be no final appealable order or decree when any reference was made for the purpose of ascertaining or computing the amount of money or damages to be awarded thereafter under such order or decree.   MANNING, J., says:

"There appears to be some little confusion in the cases as to what is a final decree, which we are disposed to attribute to the fact that the Court in some few of the cases does not seem to distinguish between directions given for the execution of a final decree,—as in mortgage sales,—and references that are preparatory to a final decision upon the merits.   A decree with such a reference can with no more propriety be called a final decree than a judgment at law with a reference to a clerk or jury to assess damages can be called a final judgment."   See, also, *Enos v. Sutherland,* 9 Mich. 148.

These earlier cases have been practically overruled, or at least the language of them has been repudiated, as the following excerpts from complainant's brief on motion for rehearing, and verified by the reports, will show:

"The statute restricts the right of appeal to decrees and final orders, and the settled meaning of the term 'decree,' in this sense, is determined to embrace only such decrees as are not interlocutory.   *   *   *   But it is not necessary that a decree should dispose of *all* the merits.   Whenever the court finally adjudicates any part of them,—although the practice of making separate decrees without necessity is very reprehensible,—yet the partial decree is neither void nor interlocutory.   Nor can it make any difference at what stage of the cause such a decree is made."   *Lewis v. Campau,* 14 Mich. 460.

"It may be said, in brief, that the nature of any

order, as a decree or final order, or as not final, depends entirely on the effect produced by the adjudication upon the rights and interests of parties, and that the usual distinction between interlocutory and other orders, depending on the stage of the cause in which they are made, is not the test for appellate purposes. An adjudication made at any stage of a cause may have such an effect as to render it appealable." *Barry v. Briggs,* 22 Mich. 204, 205.

"This was a bill for partition, and the decree appealed from was one establishing the title to the lands described, and fixing the respective rights of the parties; but it also ordered a reference to take an accounting as to rents and profits, etc. * * * *Held,* that the order or decree was final, and appealable under our statute." *Damouth v. Klock,* 28 Mich. 163.

"It is first objected that an appeal will not lie. This has already been decided in several cases. * * * In all appeals the matter is heard in the appellate court as if it had not been heard before, and the order made is such as should have been made below." *Haines v. Haines,* 35 Mich. 143.

"But the first decree was undoubtedly a final decree, and was so regarded below. It settled the title of complainant, and the further proceedings were in furtherance, and partly in execution, of the original decree. * * * Although there is usually but one final decree in a single cause, yet it is possible, and in some cases necessary, to have more than one. * * * Inasmuch as an appeal would have been allowable from the first decree, and was not taken, it may be questionable how far it would be proper to disturb it on a subsequent hearing, where there has been no further light on the facts." *Brown v. Bronson,* Id. 419.

"It seems to me very clear that the decree of June 13, 1868, was an absolute decree which settled the rights of the parties. * * * It related directly to the merits of the controversy, and was a decision made upon the proofs and issues in the cause. * * * That an appeal could have been taken from this decree there can be no possible doubt." *Shepherd v. Rice,* 38 Mich. 557, 558.

"We have held in several cases that if an order finally disposed of any right it might be appealed from, notwithstanding the case was such that proceedings would

afterwards be taken in the case." *Maxfield v. Freeman,* 39 Mich. 65, 66.

"The first question is whether the order is appealable. Under the statute, an appeal can only be taken from a decree or final order. Comp. Laws, § 5179. In its terms this order is interlocutory; but it has been several times held by this Court that, if an order finally disposes of any portion of the subject-matter in controversy, it is *quoad hoc* a final decree or order, and therefore appealable. * * * It is not the stage of the case in which the order is made that determines its appealability, but, as was held in all the cases cited, its effect upon the rights of the parties; and that must be the test of the finality of this order." *Taylor v. Sweet,* 40 Mich. 739, 740.

See, also, *First National Bank v. Barnum Wire, etc., Works,* 58 Mich. 315; *Perrin v. Lepper,* 72 Id. 460; *Brown v. Ring,* 77 Id. 159.

It has also been held that a decree in a suit for a partnership accounting, which settles the basis for accounting, is final and appealable, although such decree does not finally dispose of the case. *Candler v. Stange,* 53 Mich. 479. See, also, *Morey v. Grant,* 48 Mich. 326. It is the effect, and not the form, of the order or decree, or the particular classification of the same, which determines the right to appeal. *Perrin v. Lepper,* 72 Mich. 461.

In this case the rights of both parties are settled. Whatever further there is to be done is in furtherance of the decree as made, and to determine under such decree what will be the amount due complainant upon an accounting made upon a basis fixed by such decree. The complainant claims that he is entitled to the value of the cattle at the price fixed in the contract. The court decrees that he is not, but is entitled to their value at the time the contract was broken by defendant. This decree finally settles this contention, which is one of the

main issues in controversy. Under the decisions above quoted, complainant is entitled to appeal from such decree.

The only remaining question is the correctness of the court's holding in this respect. We are satisfied that the decree is wrong in part, and should be modified. Mr. Webber is entitled to the value of the cattle as fixed in the contract, unless it can be shown that the value of that kind of cattle has depreciated between the time of the making of the contract and the breaking of it by Randall. If the value of the cattle has been lessened by the want of due and proper care on the part of Randall, he, and not Mr. Webber, must lose it; but Mr. Webber is not entitled to the value of the cattle at the date of the contract if the depreciation of value has been from other causes than the fault or neglect of the defendant, as the contract distinctly provides that neither party guarantees any future market, nor prices at the end of five years.

The decree, with this exception, will be affirmed.

The case is remanded to the court below for further proceedings in accordance with this opinion.

The complainant will recover costs of this Court.

McGRATH, LONG, and GRANT, JJ., concurred. CHAMPLIN, C. J., did not sit.