## HUNT v. HUNT.

1. PARTITION—FAILURE TO APPEAL.
   One who fails to appeal from a decree in partition proceedings determining the title of the parties to be that of cotenants cannot have the question of title reviewed upon appeal from a subsequent decree, entered upon report of the commissioners, fixing the rights of the parties to the rents and profits.

2. SAME—ACCOUNTING—RENTS AND PROFITS.
   An accounting of rents and profits during the pendency of partition proceedings up to the date of the decree is proper, where the testimony furnishes a sufficient basis therefor.

Appeal from St. Joseph; Yaple, J. Submitted April 7, 1896. Decided May 26, 1896.

Bill by Truman Hunt against Seth T. Hunt and others for a partition. From a decree for complainant, defendants appeal. Modified and affirmed.

*O. F. Bean* and *Boudeman & Adams,* for complainant.

*H. P. Stewart* and *Howard & Roos,* for defendants.

MONTGOMERY, J. This is a proceeding for partition. Complainant and Seth T. Hunt are father and son. On the face of the record they appear as tenants in common of the property in question, a farm of about 250 acres in St. Joseph county. The property is subject to a mortgage, the principal of which is $4,000. The complainant's title is derived through his son, W. Ransom Hunt. Defendants seek to raise four points on the appeal:

(1) That complainant deeded the land to defendant Seth T. Hunt prior to the institution of this proceeding.

(2) That in the decree of the court below the court charged against each one-half of the mortgage, whereas it is contended that, by the terms of the original purchase, W. Ransom Hunt, to whose right complainant succeeded with notice, was bound to pay $3,000 of the $4,000, he having contributed to the purchase $1,000 less than the defendant Seth T. Hunt.

(3) That the court allowed an excessive sum for rents and profits.

(4) That sufficient allowance was not made for improvements and taxes.

1. The first question is not open to consideration on this appeal. A decree was made and entered determining the title of the parties to be that of cotenants, and directing that partition be granted, and no appeal was taken therefrom. Subsequently, on the coming in of a report of commissioners, a decree was entered fixing the rights of the parties to rents and profits, and determining

the proportions in which the share of each was charge-able. From this decree an appeal was taken in due time. It has been decided that an appeal lies from such a decree as the first entered. *Damouth* v. *Klock*, 28 Mich. 162. And when the defendant fails to appeal from such first decree he cannot, on a later appeal, have a review of the whole case. *Shepherd* v. *Rice*, 38 Mich. 556; *Hill* v. *Railroad Co.*, 140 U. S. 52.

2. The farm was originally purchased by Seth and W. Ransom Hunt for $12,000, $8,000 of which was paid down and $4,000 was allowed to remain on mortgage, the property being at the time subject to a mortgage held by one Cyrus Roberts. Of the $8,000, W. Ransom Hunt paid $3,000, and the $5,000 was paid from the avails of a mill property standing in the name of Truman Hunt, and a 20-acre tract of land belonging to Seth Hunt, and valued at $500. It appears that the mill property, while standing in the name of Truman Hunt, had really been treated as Seth's. The defendants contend that W. Ransom Hunt's share of the farm should have been charged with $1,000 more of the purchase price; but, on the other hand, the complainant's testimony and that of W. Ransom Hunt is to the effect that, at the time of the purchase, the defendant Seth Hunt was indebted to W. Ransom Hunt in the sum of $1,000, and that, when he applied the $5,000 received on the sale of the mill property, it was agreed that $1,000 of this sum was to pay this indebtedness to W. Ransom Hunt, and that, therefore, they stood as equal cotenants, just as the papers indicated. While the testimony on this point is in direct conflict, we think the surrounding circumstances and dealings of the parties, after the conveyance to complainant, tend to corroborate the complainant's claim. The circuit judge saw the witnesses, and upon a question of this character his judgment is entitled to weight. We do not feel justified in reversing his finding upon this question.

3. The decree does not clearly show the basis upon

which the circuit judge arrived at his conclusion as to the rents and profits chargeable against the share assigned to Seth Hunt. The decree finds that rents and profits, over and above the amount paid out for taxes, improvements, insurance, and interest, amount to $1,039.83, and charges one-half of this sum against Seth Hunt's share assigned to him. The accounting included rents and profits from the date of the purchase by complainant, in 1891, to the date of the decree, in November, 1894, a period of three years. It is claimed that the rents and profits during the pendency of the proceeding should not have been charged; but we think it is proper to bring the accounting up to the date of the decree, as the testimony furnishes a sufficient basis for it, and no further reference was necessary. Defendant also contends that he should be credited with improvements made while the title was in himself and W. Ransom Hunt. The answer did not set up this claim, and it appears that there has never been an accounting between W. Ransom Hunt and the defendant as to rents and profits during this period, and the case shows that, if defendant was charged with rents and profits, they would at least equal the improvements which he placed on the property during the same time. He is not, therefore, in position to complain that this accounting was not entered upon by the circuit judge. The testimony as to the rental value is widely at variance, the estimates of witnesses as to the annual rental value varying from $300 to $800. If the rental value be found to have been $525 a year, which we think is a moderate charge, this would amount for the three years to $1,575, and if we deduct the interest paid for one year ($240), taxes, insurance, and improvements made during the ownership of complainant and defendant, it leaves the net income of the property fully as large as the circuit judge found it. It should be stated that, in the computation which we have made, we have not credited the defendant with $60 interest money paid on the mortgage

in 1894. The decree may provide that the complainant pay the interest on $2,000 of the mortgage for that year. This will insure the defendant Seth Hunt the benefit of the payment which he has made. In all other respects the decree will be affirmed, with costs to complainant.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.