**HARDESTY et al. v. NAHARKEY et al.**

No. 13931—Opinion Filed Feb. 20, 1923.

(Syllabus.)

1. **Appeal and Error—Decisions Appealable—Interlocutory Orders—Reference for Accounting.**

A judgment or order of the trial court which determines the rights of the parties as to the governing or controlling issues involved, but expressly reserves the finality thereof until the report of the referee therein ordered to take an accounting is acted on by the court, is interlocutory and not appealable.

2. **Same—Appealable Judgment.**

When the judgment entry determines issues involving the merits of the action or some part thereof and specifying the relief granted the prevailing party, but reserves for further action an accounting for certain alleged oil lease rentals, and there is nothing therein which postpones its operation until action on the accounting, then such judgment is appealable, under section 5236, Rev. Laws 1910.

3. **Same—Duty to Make Definite in Trial Court.**

In causing judgment entry to be made which determines the merits of the action and the main parts thereof under the pleadings on which it is based, but a minor issue of accounting is reserved until the referee reports thereasto, if it is not intended to become such a judgment as to the merits of the action or some part thereof as would make it appealable, it is the duty of the parties and the trial court to see that the language of such judgment clearly shows that it is not final until supplemented by the findings on the accounting feature.

4. **Same.**

Although section 5236, Rev. Laws 1910, subd. 3, provides that this court may reverse,

vacate, or modify judgments of inferior courts or orders thereof involving the merits of an action or some part thereof, yet it is the better practice that only one appeal be taken in any action, and that from a full and final determination of all the issues involved, and if it is intended that the order, judgment, or decree being entered should be suspended in its operation until the other issue not yet heard can be incorporated in the judgment, it would serve the better purpose of the law, to the end that only one appeal be allowed, if such judgment entry would expressly so provide. But where it does not, as in the case at bar, and the rights of the parties are conclusively determined as to all of the principal issues, the losing party has the right of appeal, and the same will not be dismissed on the motion filed in this court.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Stuart, Cruce & Bland, E. J. Doerner, and C. A. Steele, for plaintiffs in error.

John D. Wakely and Lashby & Rambo, for defendants in error.

BRANSON, J. This appeal is prosecuted by the plaintiffs in error, W. E. Hardesty, O. K. Eysenbach, and Bessie C. Eysenbach, against Sammie Naharkey and others, defendants in error, to reverse an order, judgment, and decree of the district court of Tulsa county, Okla., rendered in favor of the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants in said court.

It is now before this court upon motion filed by the defendants in error to dismiss this appeal, on the ground that the appeal was prematurely brought. They say there was no final judgment or order entered by the trial court determining the rights of the parties from which an appeal lies, under section 5236, Rev. Laws 1910. In the concrete, the ground for dismissal is that the journal entry signed by the trial judge on February 21, 1922, among other things, recited:

"That said defendants and each of them be required to account to the plaintiffs for rents received from oil and gas mining leases heretofore executed by said defendants, and covering the above lands to the extent of plaintiffs' undivided three-fourths interest in and to said lands; that the matter of taking said accounting above be referred to Gerald O'Brien to hear and take testimony in said accounting, with full power to compel the attendance of necessary witnesses, and such evidence as may be necessary for taking said accounting and that after taking said accounting, he prepare and file a report of

his acts with this court for further action by the court"

—and that this paragraph of the journal entry contemplated that, before final judgment should be entered, the accounting feature should be completely disposed of by the court.

In support of their motion to dismiss, two decisions of this court are cited, one on April 5, 1921, entitled Wells v. Shriver, 81 Okla. 108, 197 Pac. 460; the other rendered on January 2, 1923, Foreman v. Riley, 88 Okla. 75, 211 Pac. 495.

It can serve no useful purpose either to enter into a lengthy discussion of the holdings or to quote at length from the decisions of the courts of the United States, both state and federal, on the question of what constitutes a final judgment from which an appeal properly lies, or what constitutes an interlocutory decree from which an appeal does not lie. While many of the text-writers and some of the decisions recite that there is an irreconcilable conflict of authority on the question, it would appear, on examination of the cases, that the apparent conflict is due to the variance in the situation that is presented to the court in each particular case, and the statutes on the subject. The rule which obtains in the majority of the jurisdictions is, when a decree is rendered settling all the main questions, such a decree is final for the purposes of appeal, though a settlement of accounts between the parties is reserved for future determination. Bank of Mobile v. Hall (Ala.) 41 Am Dec. 41; Gray v. Ames (Ill.) 77 N. E. 219, 5 Ann. Cas. 174, and note.

In the cases in which the courts have held that judgment was not appealable it was usually expressly set forth that the judgment and final order would be entered after a master's or referee's report was filed, or some other contingency in the judgment provided for had taken place. That is, from the judgment itself, only one conclusive inference could be drawn—that the recitals therein contained were merely an indication from the court of what the final judgment and decree would be when entered in the future and the holding was that the judgment or decree with such provision or with such language showing such intention was not a final order within the meaning of the statutes providing appeal only from final judgments.

This is true in the two cases cited by the defendants in error from this court in support of their motion to dismiss plaintiffs in error's appeal herein. In the much stressed

case first above cited, Wells v. Shriver, 81 Okla. 108, 197 Pac. 460, the journal entry in the first judgment, as to which the dispute arose, and which was therein contended to be a final judgment and not interlocutory, expressly recited:

"* * * That further order and final decree of the court await the result of the said accounting, and that the plaintiff have his costs in this suit against the defendant."

The question involved for the determination of the court was whether the decree with this recitation contained therein, and which was rendered in 1914, and which was made final by a judgment and decree entered in 1918, after the accounting, was itself a final judgment from which appeal should have been taken by the parties. And this court held that it was not a final decree, but interlocutory.

In the other case cited by defendants in error, to wit, Forman v. Riley, the journal entry recited:

"It is further ordered, considered, and adjudged that the issues of fact arising in the accounting hereinbefore ordered, be referred to a referee. * * *

"It is further ordered, considered, and adjudged that upon the receipt of said referee's report, that this court shall then render judgment canceling the deed from plaintiff to defendant, dated January 11, 1915, covering (then followed a description of the land) * * * and if it shall appear from said accounting that plaintiff is indebted to defendant, defendant be decreed a lien upon the lands hereinabove described, as security for the amounts due him, and if it shall appear from said accounting that defendant is indebted to plaintiff, that plaintiff have judgment against said defendant for the amount so due to the plaintiff."

In the body of this opinion, the court expressly uses this language:

"The court (meaning the lower court) clearly indicated that the judgment would be rendered after the coming in of the report of the referee."

It is clear from these cases that the court in entering these orders made it plain that the judgment of the court would not become a finality until the accounting therein provided for had been reported to and acted on by the court, and there is nothing in either of these cases that sets a precedent in this court to grant the motion to dismiss the appeal filed by the defendants in error herein. On the contrary, it appears from the journal entry, copy of which is attached to the response of plaintiffs in error to the motion to dismiss, that defendants in error

recovered a judgment vacating a judgment in partition, entered in the United States court for the Western district of the Indian Territory, in 1908, and finding that they were the owners of three-fourths of the land described in the journal entry, and finding that certain of the defendants were due certain amounts for the occupation of the premises, and that the defendant Hardesty was entitled to recover the sum of $1,600 against his codefendants, the Eysenbachs, for breach of warranty, and then it concludes as follows:

"It is therefore ordered, considered, and adjudged by the court that plaintiff is and he is hereby decreed to be the owner of the legal and equitable title in and to an undivided three-fourths (¾) interest in and to the lands involved in this action and situated in Tulsa county, Okla., to wit: (description inserted here) free and clear from the claims of the defendants in this action or either of them, and is hereby awarded the possession of an undivided three-fourths (¾) interest in and to the lands herein involved and hereinbefore described as against the defendants herein and each of them: that said plaintiff have and recover judgment from said defendants, O. K. Eysenbach and Bessie C. Eysenbach, in the sum of two hundred and eighty ($280.00) dollars, and against said defendant, W. E. Hardesty, in the sum of three hundred and twenty dollars ($320.00) for the use and occupancy of said premises for agricultural purposes to date of judgment herein.

"That said defendants and each of them be required to account to the plaintiff for rentals received from oil and gas mining leases heretofore executed by said defendants and covering the above lands to the extent of plaintiff's undivided three-fourths interest in and to said lands: that the matter of taking said accounting be referred to Gerald O'Brien to hear and take testimony in said accounting, with full power to compel the attendance of necessary witnesses and such evidence as may be necessary for taking said accounting, and that after taking said account he prepare and file a report of his acts with this court for further action by the court.

"It is further ordered, considered, and adjudged that the warranty deed from Martha Reed, referred to as Martha Naharkey, widow of Moses Naharkey, to Ethel Davis and Hugh Gregg, dated May 23, 1907, and recorded in the office of the county clerk of Tulsa county, Okla., in Book 18, at page 51, the warranty deed from Hugh Gregg and Hattie Gregg, his wife, to the Crown Land & Development Company, a corporation, dated June 20, 1907, and recorded in the office of the county clerk of Tulsa county, Okla., in Book 22, at page 286: the warranty deed from Ethel Davis and Samuel C. Davis, her husband, to de-

fendant O. K. Eysenbach, dated July 9, 1907, and recorded in the office of the county clerk of Tulsa county, Okla., in Book 23, at page 131; the warranty deed from the Crown Land & Development Company, a corporation, to defendant O. K. Eysenbach, dated August 26, 1907, and recorded in the office of the county clerk of Tulsa county, Okla., in Book 13, at page 611; and the warranty deed from defendants O. K. Eysenbach and Bessie C. Eysenbach to defendant W. E. Hardesty, dated October 31, 1914, and recorded in the office of the county clerk of Tulsa county, Okla., in Book 105, at page 455, and each of them, be canceled and held for naught and decreed to pass no title as to the undivided three-fourths interest of this plaintiff in and to the lands hereinbefore described, and that said plaintiff's title to an undivided three-fourths interest in and to the aforesaid lands be quieted and confirmed against the claims of any of the parties to said deeds.

"That the plaintiff's title to an undivided three-fourths interest in and to the aforesaid lands be quieted and confirmed against the defendants herein and each of them and all persons claiming by, through, or under them, and that said defendants and each of them and all persons claiming by, through, or under them be perpetually enjoined and restrained from setting up or asserting any right, title, or claim in and to the aforesaid premises adverse to the claims of this plaintiff, and that plaintiff have judgment for his costs against said defendants and each of them, the same to be taxed by the clerk in the sum of —— dollars ($——), for which and for the money judgment herein rendered in favor of the plaintiff and against said defendants let execution issue.

"It is further ordered, considered, and adjudged that said defendant, W. E. Hardesty, have and recover judgment from the defendants O. K. Eysenbach and Bessie C. Eysenbach and each of them in the sum of sixteen hundred dollars ($1,600.00) with interest thereon at the rate of ten per cent. (10%) per annum from October 31, 1914, and the sum of $1,000 one thousand dollars improvements and four hundred ($400.00) dollars attorneys' fees, for which let execution issue; to all of which rulings and judgment of the court the defendants O. K. Eysenbach and Bessie C. Eysenbach except and give notice in open court of their intention to appeal to the Supreme Court of the state of Oklahoma and ask that the same be noted on the trial docket of the court, and it is so ordered; to all of which rulings and judgment of the court, except the judgment against said defendants O. K. Eysenbach and Bessie C. Eysenbach, on their warranty, defendant W. E. Hardesty objects and excepts and gives notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma and asks that notice of his in-

tention be entered upon the trial docket of the court, and it is so ordered."

There is nothing in this judgment and decree that even indicates that as to those matters definitely determined therein there should be any delay in their execution until the minor feature, to wit, the accounting for the rentals received from an oil and gas mining lease, should be reported to the court; but, on the contrary, the journal entry expressly recites that for certain items of money judgment "let execution issue."

We think the journal entry, prepared no doubt, as is the practice in this jurisdiction, by the prevailing counsel, contains a judgment final for the purposes of appeal, although the report of the referee therein appointed is reserved for future determination by the court. At the time of rendition of this decree the above case of Wells v. Shriver, rendered by this court, had been published for nearly a year, and the journal entry on which the decision in that case was based was incorporated in the published opinion, no doubt known by counsel for defendants in error, who filed this motion, and who contend strenuously that it is the purpose of the law, as embodied in the statutes of this state, that only one appeal shall be taken, and that from the final order and judgment of the court. We readily concur with counsel that only one appeal should be taken, but differ only as to what constitutes a decree from which an appeal will lie. If it had been the intention and purpose to suspend the operation of this decree until the accounting should be had, an incorporation of a clear intention to do so would have left no doubt and brought the case squarely within the two cases cited above. In such journal entry there would have been no occasion to have incorporated a direction that execution issue for 'the collection of the moneys therein found due by the defendants, but the same would have been held in abeyance, if incorporated at all, until the report of the referee was acted on at a later date. No doubt if the plaintiffs in error had waited until the referee reported, and had not perfected their appeal from this judgment, but had from the judgment as supplemented by the finding of the court on the report of the referee—if more than six months had elapsed—defendants in error would have then been before this court insisting that the appeal be dismissed for the reason that the six months' period had elapsed, and that the journal entry of judgment in this case constituted a final decree as appeared from the judgment itself, and that the above-cited cases were not in point.

If counsel had not intended that the judgment entry as hereinabove set out should be considered a determination of the real issues or such a part thereof involved in the litigation, from which appeal could be taken, but that the finality of the issues therein determined should occur only after the report of the referee had been received and acted on, they would have put the plaintiffs in error on notice that they would not be expected to appeal, or to take any further action to protect themselves until the referee's report could be presented, if it had been so provided in the journal entry as in the cases cited by them. They not only did not make this clear, but, on the contrary, a journal entry was filed which, as we think, clearly indicates a full determination of the rights of the parties as to all substantial matters involved in the litigation, drawn so as to indicate to the losing party that such was the intention, and when the losing parties perfect their appeal, they are met in this court with a motion to dismiss, and a citation of authorities not directly in point.

We think the rule under the facts in this case which should prevail is that a decree adjudging the equities, though reserving for future determination a settlement of the accounts between the parties on report of a master, is a final determination for the purposes of appeal. 5 Ann. Cas. 176; Smith v. Walker, 57 Mich. 456, 22 N. W. 783, distinguishing Enos v. Sutherland, 9 Mich. 148; Webber v. Randall, 89 Mich. 531, 50 N. W. 877, reversing on rehearing 86 Mich. 58, 48 N. W. 617; Hunt v. Hunt, 109 Mich. 399, 67 N. W. 510. See, also, Perrin v. Lepper, 72 Mich. 454, 40 N. W. 859; Hake v. Coach, 105 Mich. 425, 63 N. W. 306.

This, we think, even if subdivision 3 of section 5236, Rev. Laws 1910, were not in force. But, under said subdivision, this court can vacate or modify a judgment that involves the merits of an action or some part thereof.

The litigation could have been better expedited had counsel caused to be inserted in the journal entry of judgment a provision as contained in the case of Wells v. Shriver, and the case of Forman v. Riley, supra, suspending all parts of the judgment until the further action of the court on report of the referee. But the judgment as entered being, as we believe, such a determination of the controlling issues, without in any wise indicating a suspension of the operation thereof, either expressly or by implication, we think it was such a judgment or order from which this appeal will lie.

The motion to dismiss is therefore denied.

JOHNSON, KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.