HENKEL *v.* HENKEL.

1. EQUITY—JURISDICTION OF CIRCUIT COURTS AND JUDGES.

The circuit courts and circuit judges in chancery in this State in and for their respective counties have jurisdiction co-extensive with the powers and jurisdiction of the courts and judges in chancery in England as existing on March 1, 1847, with the exceptions, additions and limitations created and imposed by the Constitution and laws of this State (3 Comp. Laws 1929, § 13944).

2. PARTITION—JURISDICTION.

Partition is a matter of equitable cognizance in this State and the statutory remedy therefor is generally regarded as cumulative and not to supersede the original jurisdiction in equity (3 Comp. Laws 1929, § 14995 *et seq.*).

3. SAME—STATUTES—EQUITY—JURISDICTION.

The partition statute providing that persons holding lands as joint tenants or tenants in common may have partition as provided therein does not expressly limit the jurisdiction of the court of equity to the things mentioned therein (3 Comp. Laws 1929, § 14995 *et seq.*).

4. SAME—ACCOUNTING—RENTS AND PROFITS.

Accounting for rents and profits is one of the important incidents of a partition in equity.

5. SAME—ADJUSTMENT OF EQUITIES.

On a partition it is competent for the court to adjust the equities of the parties, including rent to the excluded tenant, according to the rights of the parties therein (3 Comp. Laws 1929, § 15011).

6. SAME—STATUTES.

In all matters relative to partition of property covered by statute, the statute governs (3 Comp. Laws 1929, § 14995 *et seq.*).

7. SAME—EQUITY—JURISDICTION—MANDATORY STATUTES.

In case jurisdiction of court of equity is invoked by bill for partition under the statute and proceedings progress to a hearing, the statute then requires that a partition be had in accordance with the rights of the parties (3 Comp. Laws 1929, §§ 14996, 15011).

8. SAME—OBJECT OF PROCEEDINGS—SALE—DIVISION OF PROCEEDS.

The object of partition proceedings is to enable joint tenants or tenants in common to put an end to the tenancy so as to vest in each a sole estate in specific property and if such cannot be accomplished then the property should be sold and the proceeds divided as courts will not compel unwilling persons to use their property in common.

9. SAME—RIGHT TO PARTITION AN ABSOLUTE ONE—EQUITY.

A cotenant of property is entitled at law to an actual partition as a matter of absolute right notwithstanding fact that division will result in great hardship, inconvenience or virtual destruction of the property but in equity, although the right to parti-

tion is treated as absolute, the court may mollify the hardships which may arise by adjusting the adverse interests so as to effect justice and equality among the parties.

10. SAME—DELAY.

A court may grant reasonable delay for the purpose of making partition less disastrous.

11. SAME—MATTER OF RIGHT REGARDLESS OF MOTIVE.

The right of a cotenant to partition is absolute, not a mere matter of grace within the discretion of the court, regardless of the motives of the parties entitled to partition.

12. SAME—RECORD.

In suit for partition between remaindermen of an estate after death of life tenant, record *held*, to present no paramount or controlling equity warranting court in refusing to order partition.

13. SAME—COMMON LAW.

At common law the only method by which partition could be compelled was by the writ *de partitione facienda,* applicable at first to freehold hereditaments held in coparcenary, and later extended to joint tenancies and tenancies in common (31 Henry VIII, chap. 1 [1540]; 32 Henry VIII, chap. 32 [1541]).

14. COURTS—JURISDICTION—SUBJECT-MATTER—CONSENT.

Jurisdiction of the subject-matter is derived from the law and cannot be conferred by the parties even though granted by a court.

15. PARTITION—PROCEEDINGS ARE LOCAL.

Partition proceedings are local in character and must be brought in one of the counties in which lands in question lie (3 Comp. Laws 1929, § 14996).

16. COURTS—JURISDICTION—OUT OF STATE REAL ESTATE.

Real estate situated outside of the State is ordinarily a trust fund in the State or country where situated subject to the jurisdiction of the courts thereof for the satisfaction of the claims of creditors located therein.

17. CONSTITUTIONAL LAW—FULL FAITH AND CREDIT—JURISDICTION OF SUBJECT-MATTER.

Since no statute of this State and no decree entered by the courts of this State has any extraterritorial force, whenever a decree of this State is enforced in another State it is done in pursuance

of the full faith and credit clause of the Constitution of the United States and by the court which has jurisdiction of the subject-matter (U. S. Const. art. 4, § 1).

18. Same—Partition of Lands—Jurisdiction of Courts.

The courts of one State or country have no jurisdiction to partition lands situated in another State or country.

19. Partition—Exclusively Matter for State in Which Land is Situated.

The right to transfer, partition and change real estate belongs exclusively to the State within whose territory it is situate.

20. Same—Accounting—Confined to Michigan Real Estate.

Under general jurisdiction in partition proceedings a court has authority to order an accounting for advances made by one cotenant for the benefit of the common property and for insurance and to compel an accounting for rents but any adjustment of equities must be confined to Michigan real estate subject to the jurisdiction of the court.

21. Same—Division—Great Prejudice to Owners—Sales.

Since partition may be made only when it will not result in great prejudice to the owners and either the circuit court commissioner, on reference, or the court finds great prejudice to the owners will result from a partition, decree refusing physical division but ordering a sale should not be disturbed on appeal; especially where no party points out a method by which a division could be made without great prejudice to the owners (3 Comp. Laws 1929, §§ 14996, 15013, 15017, 15022, 15024).

22. Executors and Administrators—Jurisdiction of Probate Court—Partition.

In the absence of fraud, the probate court of county appointing executor has jurisdiction of the accounting he must make and its jurisdiction in such respect is not ousted by proceedings to partition real estate.

23. Parties—Joinder.

Dismissal of one plaintiff and substitution of another party plaintiff after filing of cross-bill held, not error under statutes permitting joinder of parties in suits in equity even on appeal (3 Comp. Laws 1929, §§ 14018, 14021).

24. PARTITION—ACCOUNTING AS TO MICHIGAN REAL ESTATE.

> In suit for partition, brought by executor who was one of the
> remaindermen of an estate, in which there was both Michigan
> and Florida real estate, against the other remainderman in
> which latter sought an accounting but trial court did not pass
> upon latter's prayer, defendant *held*, entitled to such relief as
> to proceeds derived from premises here involved.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 6, 1937. (Docket No. 28, Calendar No. 39,479.) Decided December 14, 1937.

Bill by Fredrec Y. Henkel and wife and Athene H. Pitt against Robert C. P. Henkel and wife for partition of lands, for the appointment of a receiver, an injunction and other relief. Cross-bill by defendants against plaintiffs for an accounting and other relief. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Wilkinson, Lowther & O'Connell (Donald B. Smith,* of counsel), for plaintiffs.

*Ralph E. Routier,* for defendants.

POTTER, J. Plaintiffs filed a bill for partition of real estate in Grosse Pointe Park village, Wayne county. Robert Henkel devised to his wife, Athene, a life estate therein and, upon her death, the fee to Athene H. Pitt, his daughter, and Robert C. P. Henkel and Fredrec Y. Henkel, his sons, share and share alike. Robert Henkel died and his will was duly admitted to probate and after the death of his widow, Athene, this suit was brought, and, pending suit, Mrs. Pitt conveyed her interest to Fredrec Y. Henkel. Defendants, by way of cross-bill, object to partition by sale; charge Fredrec Y. Henkel with maladministration of the estate of his father, failure

to account, misappropriation of bonds of the estate, procuring large sums of money without authority, neglecting to pay the inheritance tax, and other things; and ask for an accounting. From a decree of partition by sale, without passing upon the question of accounting prayed by the cross-bill, defendants appeal.

At least as early as the reign of Elizabeth, partition became a matter of equitable cognizance (4 Pomeroy's Equity Jurisprudence [4th Ed.], § 1387; 1 Fonblanque's Equity [4th Am. Ed.], chap. 1, § 3, note [f]) ; and now the jurisdiction is established as of right in England and in the United States (4 Pomeroy's Equity Jurisprudence [4th Ed.], § 1387; 2 Pomeroy's Equitable Remedies, § 703, and cases cited.) The circuit courts and circuit judges in chancery in this State in and for their respective counties have jurisdiction co-extensive with the powers and jurisdiction of the courts and judges in chancery in England as existing on March 1, 1847, with the exceptions, additions and limitations created and imposed by the Constitution and laws of this State. 3 Comp. Laws 1929, § 13944. The statutory remedy for partition is generally held to be cumulative and not to supersede the original jurisdiction in equity. 2 Pomeroy's Equitable Remedies, § 703, and cases cited.

There is nothing in our partition statute which expressly limits the jurisdiction of the court of equity to the things mentioned in Act No. 314, Pub. Acts 1915, chap. 31 (3 Comp. Laws 1929, § 14995 *et seq.*). But, instead, it is expressly provided "all persons holding lands as joint tenants or tenants in common, *may have partition thereof, in the manner provided in this chapter.*" 3 Comp. Laws 1929, § 14995. This court has repeatedly held that "partition may be decreed according to the equitable rights of the par-

ties." *Thayer* v. *Lane,* Walk. Ch. (Mich.) 200, citing *Coxe* v. *Smith,* 4 Johns. Ch. (N. Y.) 271.

In *Hoffman* v. *Ross,* 25 Mich. 175, each of the parties owned an undivided one-half of the premises, but the bill of complaint set up that defendant had collected the rents which were unaccounted for, claimed to have spent some of the money for repairs, had allowed one-half of the premises to be sold for taxes which he had not redeemed out of the rents and proceeds derived from the farm, and that he had become a purchaser of two execution sales and had rented a part of the premises for purposes of prostitution. The court held all these were consistent with the plaintiff's right of action and said:

"They indicate that the defendant has been guilty of very gross violations of duty, some, at least, of which would be properly cognizable in settling the equities on the accounting for rents and profits, which is one of the important incidents of a partition in equity," citing Story's Equity Jurisprudence, § 655.

In *Hunt* v. *Hunt,* 109 Mich. 399, there was an accounting for rents and profits, and some were charged against the shares of the parties. And in *Fenton* v. *Miller,* 116 Mich. 45, 49 (72 Am. St. Rep. 502), it was said:

"It is settled that on a partition it is competent for the court to adjust the equities of the parties, including rent to the excluded tenant," citing *Hoffman* v. *Ross, supra; Hunt* v. *Hunt, supra;* and Freeman on Co-tenancy and Partition, § 512.

In *Schultz* v. *Dennison,* 159 Mich. 259 (25 L. R. A. [N. S.] 1249), it is said:

"It is competent for the court, in partition proceedings, to adjust the equities of the parties in the decree," citing *Fenton* v. *Miller, supra.*

These cases are either an exercise of the inherent equitable jurisdiction over partition proceedings or must be warranted, if the rules stated in *Francis* v. *Ford Motor Co.*, 243 Mich. 117, and followed in *Eckhardt* v. *Dompier*, 250 Mich. 91, are correct, by that part of 3 Comp. Laws 1929, § 15011, which says that partition of lands shall be made between such parties as shall have any rights therein, *according to such rights*. In all matters covered by statute (Act No. 314, chap. 31, Pub. Acts 1915, [3 Comp. Laws 1929, § 14995 *et seq.*]), the statute governs.

Defendants contend partition is not mandatory; and plaintiffs contend it is mandatory. 3 Comp. Laws 1929, § 14995, provides only that "all persons holding lands as joint tenants or tenants in common, *may have partition thereof, in the manner provided in this chapter.*" In case the jurisdiction of the circuit court is invoked by a bill in equity, as provided in 3 Comp. Laws 1929, § 14996, and the proceedings progress to a hearing, then "upon the hearing of the cause, the court shall declare the rights, titles and interests of the parties to such proceedings, so far as the same shall have appeared, and shall determine the rights of the said parties in such lands, and shall decree that partition be made between such of them as shall have any rights therein, according to such rights." 3 Comp. Laws 1929, § 15011. This language is mandatory.

"The object of partition proceedings is to enable those who own property as joint tenants, or coparceners, or tenants in common so to put an end to the tenancy as to vest in each a sole estate in specific property or an allotment of the lands or tenements. It contemplates an absolute severance of the individual interests of each joint owner, and, after partition, each has the right to enjoy his estate without supervision, let, or hindrance from the other. Un-

less this can be accomplished, then the joint estate ought to be sold, and the proceeds divided. Courts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common.'' *Brown* v. *Cooper,* 98 Iowa, 444 (67 N. W. 378, 33 L. R. A. 61, 60 Am. St. Rep. 190) ; 20 R. C. L. p. 716.

''Although there are a few cases to the contrary, the rule is practically universal that a cotenant is entitled at law to an actual partition as a matter of absolute right, and the fact that the division will result in great hardship and inconvenience or the virtual destruction of the property is no reason for withholding it. A cotenant need not assign any reason for desiring a partition; it is sufficient if he wishes to enjoy his estate in severalty. Equity followed the law in this regard and decreed an actual partition notwithstanding manifest hardship. While equity treats the right to partition as absolute, it is not restricted, as is a court of law, to an actual physical apportionment according to titles proved, but having control of the parties and greater freedom of action, it may mollify the hardships by adjusting the adverse interests and by making such an allotment as will most nearly effect justice and equality among the parties.'' 2 Pomeroy's Equitable Remedies, § 708.

As stated in 3 Comp. Laws 1929, § 15011, partition shall be made between such parties as have rights in the premises, according to such rights.

''Although a contrary conclusion has been reached in a limited number of decisions, the general rule is, except in so far as it is otherwise provided by statute, that inconvenience or difficulty in making the partition or substantial loss or injury to some or all of the parties does not affect the right to partition, or present a valid excuse for material delay in according the remedy, although it has been held that

the court may grant reasonable delay for the purpose of making partition less disastrous." 47 C. J. pp. 289, 290.

"The right of a cotenant to partition is absolute, not a mere matter of grace, within the discretion of the court, regardless of the motives of the parties entitled to partition." 47 C. J. pp. 288, 289, and cases cited.

Partition in this case is mandatory, unless there is some paramount or controlling equity which warrants the court in refusing to act, and we find none.

At common law, in the absence of an agreement between the parties, the only method by which partition could be compelled was by the writ *de partitione facienda*. 1 Fitz-Herbert Natura Brevium (9th Ed.), p. 62. The writ was, according to Littleton, the origin of the name "coparceners" (Littleton's Tenures, § 241; Coke upon Littleton, p. 164 b), and was confined to freehold hereditaments held in coparcenary (Coke upon Littleton, p. 167a). The remedy was afterward extended by statute to joint tenancies and tenancies in common. 31 Henry VIII, chap. 1 (1539); 32 Henry VIII, chap. 32 (1540); 4 Pomeroy's Equity Jurisprudence (4th Ed.), § 1386; *Shaw* v. *August,* 266 Mich. 634.

Equity, at a very early date, took jurisdiction of proceedings for partition. In Select Cases in Chancery, 10 Selden Society Publications, p. 129,* is a petition by William Brigge, parson, to partition lands devised to himself and brother Thomas, addressed to the chancellor. The precise date of this petition does not appear, but it is addressed to the "Bishop of Bathe, Chancellor of England." This was John Stafford, who was appointed chancellor, May 4, 1432, and consecrated Archbishop of Canterbury, May 15,

---

* Apparently *Brigge* v. *Pylcard.*—REPORTER.

1443. The petition was undoubtedly filed between those dates. It sets up that the lands were devised by the father to petitioner and his brother Thomas, and that Thomas "hath continually occupyed soule and taken alle the hole profitz contrarie to lawe, conscience, and the wille of the seid William the fadyr, and wille not suffre yo seid bisecher to occupy . . . to take, and thus your seid bisecher may nought aprowe his part of the seid londes because ther is no particion made ther offe, for the which particion to be made ther is non accyon atte common lawe, and thus particion ther offe may (not be had, save through your) gracious eyde." The petition prays a writ may be directed to said Thomas "upon a certeyn peyn" to appear before the chancellor at a day limited, and then and there to make partition of said lands and tenements.

In *Long* v. *Miller* (1594), Tothill, 155 (21 Eng. Rep. 153) an unequal partition at law was relieved against by the lord chancellor. One of the parties was a minor and the lord chancellor "thought meet the plaintiff should be holpen in equity during the minority." And in *Norse* v. *Ludlow,* Tothill, 155 (21 Eng. Rep. 153), a decree that two partners who had made an unequal division should have the premises divided equally was entered. These cases, decided during the reign of Queen Elizabeth, probably were the basis of Spence's statement (1 Spence's Equitable Jurisdiction, p. 654) that the court of chancery assumed jurisdiction in matters of partition about the time of the reign of Elizabeth; though it appears from the petition in Select Cases in Chancery, 10 Selden Society Publications, p. 129, equity assumed jurisdiction years before.

In the Year Book of 15 Edw. III, edited and translated by Pike, p. 102, it appears that partition was

made in chancery at least as early as 1341. It is said:

"Partition made in chancery is equivalent to judgment given between parceners on a writ *de partitione facienda.*"

Partition proceedings were before the chancellor by which the Archbishop of Canterbury sought, after the death of his tenant, to have out of the King's hand the lands of such tenure by reason of wardship. This was in 1341 or 1342. Year Book of 16 Edw. III, p. 130. Partition proceedings were entertained by Lord Chancellor Loughborough in *Mundy* v. *Mundy* (1793), 2 Ves. Jr. 122 (30 Eng. Rep. 554); and by Lord Chancellor Eldon in *Agar* v. *Fairfax* (1810), 17 Ves. Jr. 533 (34 Eng. Rep. 206).

"The first chapter of the statutes enacted in the 31st year of the reign of Henry VIII, A. D. 1539, provides, after setting up the reasons for permitting partition between tenants in common:

" ' That all joint tenants and tenants in common, that now be, or hereafter shall be, of any estate or estates of inheritance in their own rights, or in the right of their wives, of any manors, lands, tenements or hereditaments within this realm of England, Wales, or the marches of the same, shall and may be coacted and compelled, by virtue of this present act, to make partition between them of all such manors, lands, tenements and hereditaments as they now hold, or hereafter shall hold as joint tenants or tenants in common, by writ *de participatione facienda,* in that case to be devised in the king our sovereign lord's court of chancery, in like manner and form as coparceners by the common laws of this realm have been and are compellable to do, and the same writ to be pursued at the common law.'

"It was in substantially this form the statute was adopted in Michigan, where 3 Comp. Laws 1929, § 14995, provides:

" ' All persons holding lands as joint tenants or tenants in common, may have partition thereof, in the manner provided in this chapter.' " *Shaw* v. *August, supra.*

Defendants contend this court has jurisdiction over the partition of the Florida property; but

plaintiffs contend the court has no such jurisdiction and they have not sought to invoke such jurisdiction. The jurisdiction of the court is derived from the law, and, in the absence of any law authorizing the exercise of jurisdiction, the consent of the parties, even though granted, could not confer it. *Straus* v. *Barbee,* 262 Mich. 113; *Exo* v. *Detroit Automobile Inter-Insurance Exchange,* 259 Mich. 578; *Halkes* v. *Douglas & Lomason Co.,* 267 Mich. 600; *Orloff* v. *Morehead Manfg. Co.,* 273 Mich. 62; *Lamberton* v. *Pawloski,* 248 Mich. 330, and cases cited.

Partition proceedings have been uniformly held to be local in character. *Godfrey* v. *White,* 43 Mich. 171; *Pennoyer* v. *Neff,* 95 U. S. 714; *Arndt* v. *Griggs,* 134 U. S. 316 (10 Sup. Ct. 557). The statute in this State expressly provides that the parties holding the lands in question as joint tenants or tenants in common may institute a suit in the circuit court for the county in which the lands lie, by a bill in equity, for a division, or partition, thereof, according to the respective rights of the parties interested therein, and for the sale of such premises, if it shall appear that the partition thereof cannot be made without great prejudice to the owners. 3 Comp. Laws 1929, § 14996. And this same section of the statute provides for the partition of lands situated in different counties in this State.

Real estate situated outside of Michigan is ordinarily a trust fund in the State or country where situated, subject to the jurisdiction of the courts thereof for the satisfaction of the claims of creditors located therein, and is subject to the jurisdiction of the court of the State in which it lies.

No statute of this State and no decree entered by the courts of this State has any extraterritorial force. Whenever the decree of this State is enforced in another State, it is done in pursuance of

the full faith and credit clause of the Constitution (U. S. Const. art. 4, § 1); and then it is enforced only in case the court has jurisdiction of the subject-matter of the litigation.

"It is elementary law that the courts of one State or country have no jurisdiction to partition lands situated in another State or country." 47 C. J. p. 361, citing *Schick* v. *Whitcomb,* 68 Neb. 784 (94 N. W. 1023); *Johnson* v. *Kimbro,* 3 Head (40 Tenn.), 557 (75 Am. Dec. 781); *Pillow* v. *Southwest Virginia Improvement Co.,* 92 Va. 144 (23 S. E. 32, 53 Am. St. Rep. 804); *Wimer* v. *Wimer,* 82 Va. 890 (5 S. E. 536, 3 Am. St. Rep. 126); *Cartwright* v. *Pettus,* 2 Chan. Cas. 214 (22 Eng. Rep. 916).

As stated in *Wimer* v. *Wimer, supra,* 902:

"The right to transfer, partition and change real estate, belongs exclusively to the State within whose territory it is situate."

The court, under its general jurisdiction in partition proceedings, has authority to order an accounting for advances made by one cotenant for the benefit of the common property and for insurance and to compel an accounting as to rents thereof. 47 C. J. p. 461. But, it has no general power and authority to adjust equities growing out of matters over which the court has no jurisdiction. The accounting, if any shall be had in this proceeding, must be confined to the Michigan real estate subject to partition.

Partition may be made only when it will not result in great prejudice to the owners. 3 Comp. Laws 1929, § 14996. And, after the entry of a decree for partition, and reference to a commissioner, it is made his duty to report whether such premises, or any part of them, are so circumstanced that a partition and division thereof amongst the parties interested

cannot be made without great prejudice to the owners. Unless the case is referred to a circuit court commissioner in accordance with 3 Comp. Laws 1929, § 15013, it is the duty of the trial court in its discretion to hear the proofs in relation to that matter. 3 Comp. Laws 1929, § 15017, directs the manner in which partition shall be made, if at all; and 3 Comp. Laws 1929, § 15022, provides for the confirmation thereof. If the court finds, as in this case, that the lands and tenements, of which division and partition are sought, are so situated that a partition and division thereof amongst the persons interested therein cannot be made without great prejudice to the owners, the court may thereupon order a sale of the premises. 3 Comp. Laws 1929, § 15024. Subsequent provisions of the statute provide for the manner of sale, and for the accounting of the proceeds of the sale. We find nothing in the record in this case which warrants us in disturbing the decree of the trial court refusing a division of the premises, and directing that the same shall be sold.

Appellants ask us to modify the decree of the trial court so as to provide for a physical division of the property, if partition is granted. Neither in the briefs of counsel nor the testimony presented is it pointed out how this may be done without great prejudice to the owners thereof.

Upon the death of Robert Henkel, the fee title to his Michigan real estate passed to his devisees, subject to the widow's life estate, and accounting as to its income should be had between his devisees here; but partition of the Florida real estate is governed by the law of Florida, and accounting as incident thereto may not be enforced here. The probate court of Wayne county, in the absence of fraud, has jurisdiction of the accounting of the executor of Robert

Henkel's estate and its jurisdiction is not ousted by proceedings to partition real estate.

Defendants contend the court was in error in permitting the dismissal as to one of plaintiffs and the substitution of another party plaintiff after the filing of the cross-bill. 3 Comp. Laws 1929, § 14018, provides:

"In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs."

Section 14021, 3 Comp. Laws 1929, provides:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause as the ends of justice may require."

And, ordinarily, if the proper parties plaintiff are not joined, this court will direct the joinder of the proper parties plaintiff on appeal. *Gillen* v. *Wakefield State Bank,* 246 Mich. 158; *Windoes* v. *Colwell,* 247 Mich. 372.

Under the rule of *Hoffman* v. *Ross, supra; Hunt* v. *Hunt, supra; Fenton* v. *Miller, supra;* and *Schultz* v. *Dennison, supra,* the trial court should have compelled an accounting by plaintiffs for the proceeds derived from the premises here involved.

Decree will be entered modifying the decree of the trial court so as to preserve defendants' right to such accounting from plaintiffs, with costs of this court, and, as so modified, the decree of the trial court will be affirmed and the cause remanded for such accounting.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.