Weaver, J.
(concurring in the result). I concur in the result of the lead opinion because the text of MCL 380.1263(3) evidences a legislative intent to subject local school districts to the authority of the state superintendent of public instruction, thus immunizing districts from township zoning ordinances.[1] This conclusion is consistent with the general understanding of the term “site plan,” as that term is used in the Township Zoning Act, MCL 125.271 et seq.,[2] as well as the general understanding of the phrase “sole and exclusive jurisdiction.”
*303 I write separately because not persuasive is the lead opinion’s position that it is “necessary” to join the state superintendent as a party before addressing the intervening plaintiffs’ argument concerning the improper delegation of legislative authority.[3] Rather, applying the guidelines articulated in Dep’t of Natural Resources v Seaman, 396 Mich 299; 240 NW2d 206 (1976),[4]1 would conclude that the act does not consti *304 tute an impermissible delegation of legislative authority because the Revised School Code provides sufficient standards to guide the superintendent’s discretion.
For these reasons, I concur in the result of the lead opinion.

 MCL 380.1263(3) provides:
The board of a school district shall not design or build a school building to be used for instructional or noninstructional school purposes or design and implement the design for a school site unless the design or construction is in compliance with [MCL 388.851 to 388.855a]. The superintendent of public instruction has sole and exclusive jurisdiction over the review and approval of plans and specifications for the construction, reconstruction, or remodeling of school buildings used for instructional or noninstructional school purposes and of site plans for those school buildings. [Emphasis added.]

 The Township Zoning Act provides:
As used in this section, “site plan” includes the documents and drawings required by the zoning ordinance to insure that a proposed land use or activity is in compliance with local ordinances and state and federal statutes. [MCL 125.286e(l).]

 MCR 2.205(A) states that “persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties ....” The superintendent’s presence is not essential to permit the Court to render complete relief on the issue concerning the constitutionality of the statute, where the conclusion is that the statute is constitutional and the superintendent would not be arguing against the constitutionality of the statute. Additionally, I note that none of the parties moved to join the superintendent at any stage of the proceedings, and the Attorney General declined to file a brief amicus curiae on the superintendent’s behalf, despite this Court’s invitation to do so. This Court’s grant order stated:
Leave to file briefs amici curiae is granted. The Attorney General is invited to file a brief amicus curiae on behalf of the Superintendent of Public Instruction. [467 Mich 896 (2002).]
Moreover, were the superintendent a party whose presence was essential under MCR 2.205, MCR 2.207 authorizes the Court to add parties at any stage of the proceeding, even on appeal. 2 Dean & Longhofer, Michigan Court Rules Practice, p 97. See also Henkel v Henkel, 282 Mich 473, 488; 276 NW 522 (1937) (“And, ordinarily, if the proper parties plaintiff are not joined, this court will direct the joinder of the proper parties plaintiff on appeal.” [Citations omitted.]).

 The rule concerning delegation states:
“The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government.” [Seaman, supra at 308, quoting Locke’s Appeal, 72 Pa 491, 498-499 (1873).]
Seaman offers the following criteria for determining whether a statute provides sufficient standards: (1) the act in question must be read as a whole when determining whether the provision at issue provides sufficient standards, (2) “the standard should be ‘as reasonably precise as the subject matter requires or permits,’ ” (quoting Osius v St Clair Shores, *304 344 Mich 693, 698; 75 NW2d 25 [1956]) and (3) when possible, the statute must be construed in a manner that renders it valid rather than invalid. Id. at 309.